1829.

Ross
v.
Crary.

---

HENRY H. ROSS AND WIFE *v.* JOHN CRARY, SURVIVING EXECUTOR, &C., OF MARY WILLIAMS, DECEASED.

Where several suits are brought by different legatees for general legacies, and the estate is insufficient to pay them all, the court will direct an account of the estate to be taken in one cause only, and in the meantime direct the proceedings in all the other suits to be stayed.

It is a matter of discretion as to which suit the account shall be taken in. The court will therefore direct the suit which is most beneficial for the legatees to be proceeded in: and if there is doubt on that subject, will refer it to a master to ascertain which suit is most for the interest of the legatees and other persons interested in the estate.

Feb. 17th

SEVERAL of the general legatees of Mrs. Williams brought separate suits against the executors to recover the amount of their legacies. The estate being insufficient to satisfy the whole, the defendant applied to have the proceedings in this suit stayed, and that the complainants come in under the decree obtained in one of the other suits which was subsequently commenced.

*J. Edwards,* for the complainants.

*A. Van Vechten,* for the defendant.

[*417]

*THE CHANCELLOR :—The opinion of the late Chancellor, in *Kettle and wife and Wynkoop and wife*(a) against the defendant in this cause settles the principle, that where

(a) The following is the opinion of Chancellor JONES above referred to:

KETTLE AND WIFE *v.* CRARY, EXECUTOR, &C.

THE CHANCELLOR:—This is a bill by legatees against an executor and trustee, for payment of legacies. The defendant, who is surviving executor

there are divers suits for general legacies, and there is an allegation of a deficiency of the fund, so that an account of the estate is *necessary, the court will protect the defendant from unnecessary trouble and expense by

of the will of Mary Williams, put in his answer, setting forth the will, which contains the bequests to the complainants and numerous other legatees; and also setting forth the inventory filed by himself and his co-executor, and suggesting the insufficiency of the assets to pay the debts and satisfy the legacies, whereby a proportionable abatement has become necessary; and stating that another bill had been filed against him in this court by Henry H. Ross and Susannah, his wife, for a legacy bequeathed by the same will to the said Susannah. To which bill he has put in an answer, and which is still pending, and submitting, that according to the course and practice of the court after suit brought by one legatee, the other legatees should be made parties thereto, or come in under the decree that may be made therein; but offering to account as executor and trustee as aforesaid in such manner as the court may direct.

The cause is submitted on bill and answer, and the form of an order is presented by the complainants, directing references on the principle suggested by the answer.

The only point made by the executor is, that all the legatees and *cestui que trusts* ought to be made parties to the suit, as well because the estate is inadequate to the full payment of the legacies, and the legacies must therefore abate, as because he is a trustee as well as an executor.

It seems to be the settled principle of the court that creditors are not to be permitted to prosecute separate suits for their respective demands, but that the claims of all are to be brought in under a decree upon one bill, and the same principle would seem to apply with equal force to legatees in the case, especially of the inadequacy of the assets to the full payment of all the legacies. The inconveniences attending the simultaneous prosecution of numerous suits against the same party for a participation in a common fund are alone decisive against the practice. The proceeding is open to the objection of a useless multiplicity of suits, and to all the difficulties consequent upon different decrees and different reports, which, if conducted by different solicitors, may be variant in their results and principle from each other; and the expense to the estate must always be onerous, and may be ruinous.

I am satisfied, therefore, that an order would, in ordinary cases, be proper, directing the proof to be taken of the legacies claimed by the complainants, and for an account of the estate by the executor and trustee; and that all other legatees be at liberty to come in under the decree, and be restrained from prosecuting separate suits for their legacies; and an order, with proper directions to the master for conducting the reference, would have been made in this case if no previous suit had been pending. But Ross and wife commenced their suit before the complainants filed this bill. That cause has not

1829.

Ross
v.
Crary.

directing an account in one cause only; and in the mean·
time stay the proceeding in the others, leaving all the
parties interested in the fund, to come in under the de-
cree. From the reservation in the decretal *order in that

been brought to a hearing, and the complainants who prosecute it are not
before me upon this hearing.

Do they possess any rights resulting from the pendency of their suit which
can interfere with the exercise of the discretionary power of the court to
make the order in this cause, otherwise usual in similar cases? I incline to
think that the order may be made in the cause which is first ripe for a de-
cree, whether that cause was first commenced or not: and that when the
decree is made in the younger suit, then the proceedings in the elder suit
must be stayed, and the complainants in that suit are to come in and prove
their legacies under the decree in the second suit. In the case of *Jackson* v.
*Leaf*, (1 Jacob & Walker, 229,) the Chancellor held that if one creditor filed
a bill in this court, and afterwards another creditor files his bill, and the ex-
ecutor answers the second bill directly, and a decree is obtained, it is compe-
tent to the executor himself to restrain the first from proceeding; and he
shows that the course has lately been, when a creditor is thus stopped, to pay
him the costs that he has incurred prior to his having notice of the decree.
And the Chancellor said that he took the rule to be universal. That was a
case of creditors. But it certainly is not a greater exercise of power to re-
strain a legatee than it is to restrain a creditor from proceeding in his suit.

An opinion seems since to have prevailed that the executor must, in such
cases, apply to the court for an injunction to restrain the other creditors or
legatees from proceeding in their suits. But the more simple course of a
motion in the cause wherein the decree is made has been introduced into the
modern practice of the court and is certainly preferable to the more expen-
sive proceeding by bill; and it is equally efficacious in its operation with an
injunction upon suits and proceedings in the same court, and it may indeed
be said, substantially between the same parties. If, then, an order is effec-
tual for the purpose, that order may be made a part of the decree, and the
legatees who are prosecuting other suits upon notice of the order which di-
rects the proceedings in those suits to be stayed, will be in contempt if they
afterwards proceed.

The principle recognized and acted upon by the court in the case to which
I have referred had long been in existence, and had become familiar to the
English Court of Chancery. In *Gilpin* v. *Lady Southampton*, (18 Ves. 469,)
where a motion was made for an injunction to restrain a creditor from pro-
ceeding at law after the usual decree at the Rolls by consent, upon the bill of
a creditor against the defendant as administrator of Lord Southampton, which
involved the same principle applied to a much stronger case, Lord Chancellor
Eldon said, that ever since he had known that court, suits had been allowed
against executors; and, in truth, by executors in the name of a creditor

case, which has been recently settled and entered as of the 18th of April last, it is evident he did not intend to settle the question as to which suit should be proceeded in. This must always be a matter of discretion in the court, which,

against themselves; and when once a decree was made, it was impossible to permit a creditor to go on at law. And the same reason for enjoining the suit at law, must surely be sufficient to induce the Chancellor to restrain the further prosecution of a suit in his own court.

This rule of equity was first noticed in the Court of Chancery of this state, by Chancellor Kent, in the case of *McKay* v. *Green and others*, (3 John. Ch. Rep. 56,) where the case of *Gilpin* v. *Lady Southampton* was cited; and the Chancellor expressed a disinclination to follow the rule it prescribed, as he said that he was not sufficiently informed or prepared to assume the entire and exclusive jurisdiction of suits against executors and administrators merely for the purpose of enforcing a rateable distribution of assets; but he soon had occasion, upon more full consideration, to change his first impression; and in the case of *Thompson* v. *Brown*, (4 John. Ch. R. 642,) after an able review of all the cases, he fully approves the principle of the English Court of Chancery, and adopts their rule. He winds up his review of the English cases with the conclusion, that the doctrine of the English Court of Chancery as finally settled is, that upon the usual decree to account in a suit by one or more creditors against an executor, either simply for themselves or specially on behalf of themselves and all other creditors, the decree is for the benefit of all the creditors, and in nature of a judgment for all: and that all are entitled, and are to have notice to come in and prove their debts before the master; and that from the date of that decree, an injunction will be granted upon a due disclosure of assets, on the motion of either party to stay all proceedings of any of the creditors at law.

*Brown* v. *Ricketts*, (3 John. Ch. Rep. 553,) was a bill against executors and trustees by one legatee, in behalf of himself and such other legatees of the testator as might choose to come in and contribute to the expense of the suit, An objection was taken at the hearing for want of parties, on the ground that the other *cestui que trusts* were neither plaintiffs nor defendants. But the Chancellor sustained the bill. He admitted that, ordinarily, all persons interested in the fund must be parties to the suit, but held that creditors and legatees form exceptions to the rule; and that one creditor or one legatee may sue on behalf of himself and the rest, and the others may come in under the decree. The case of creditors, he observes, is a familiar exception, and the exception as to legatees, (not being residuary legatees,) seems to be equally well known. The cases in the English Court of Chancery to which Chancellor Kent refers, fully support the rule. Lord Thurlow, in *Parsons* v. *Neville*, (3 Bro. C. R. 365,) where the bill was by some of the residuary devisees in behalf of themselves and the other devisees, ruled that all the devisees must be parties. But Lord Eldon, in *Cockburn* v. *Thompson*, while he recognizes

while it protects the rights of the defendant, *will also see that no injustice is done to the complainants in any of the suits. It does not distinctly appear by the papers before me, what are the pleadings in the other suit; but, from the opinion of the late Chancellor, I infer that no replication was filed to the answer. If so, it is probable the answer would be conclusive against all persons who should come in under a decretal order in that suit. In this suit, three answers of the defendant have been found insufficient, and

the general principle of that decision, qualifies it by the exception of cases where it is not necessary or convenient that all should be before the court; and I deduce from that and other cases the principle, and in the case of residuary legacies, in common with all the cases where it is impracticable to make parties, or when the inconvenience and expense would greatly overbalance the utility of the proceeding, and all the rights and interest of the whole class of persons to be affected by the decree, may be protected and preserved by their subsequent accession to the suit on the reference before the master, this court will dispense with them as parties on the record, and give the opportunity of introducing them into the suit, by subsequent proceedings before the master.

It is not necessary, however, in this case, to pursue that inquiry; for supposing the exception of residuary legatees to remain in its full extent, this is not the case of residuary legatees. The will, it is true, does bequeath a residue of the estate to residuary legatees; but the complainants in this suit, as well as in that of Ross and wife against the same defendant, sue for particular legacies bequeathed to themselves, and in which no others are interested with them. And each of these legatees had the undisputed right to sue separately for their own legacy; and to their suits the principle clearly applies, that the decree in one suit is for the benefit of all who are similarly circumstanced, and in the nature of a judgment for all. Indeed, if the suggestion of the inadequacy of the estate to satisfy the legacies proves to be true, there can be no residue left for the residuary legatees; and if that suggestion should be groundless, I see no sufficient reason why the residuary legatees may not come before the master and protect their interest, and ultimately be embraced in the decree which is to settle the estate, and determine and adjust the rights of the parties, as beneficially as they could do if made parties upon the record, and brought into court by subpœna. If their interest should be found to involve difficulties not now foreseen, it will be time enough to apply the remedy when the mischief makes its appearance. It is sufficient for the purpose of the pending suits, that the residuary legatees are not necessary parties to them, and that all the special pecuniary legatees are to be satisfied before the residue, belonging to residuary legatees, can be ascertained, or it can be known whether there will be any residue or not.

a fourth is put in, to wihch the plaintiff has filed a replica-tion. The order of reference in the other cause also appears to be defective in *many particulars. I shall therefore di-rect a reference to James King, a master, to ascertain and report which suit it will be most for the interest of the legatees and parties interested in the estate, to have the account taken in; that notice be given to the complainants in each suit, that they may appear and be heard before the master on the reference; that either of the parties in this suit be at liberty to take out a summons and proceed on the reference before the master; and that the proceedings in all the suits be stayed until the further order of the court. All other directions are reserved until the coming in of the master's report.