HALLETT and DAVIS *vs.* HALLETT and others, executors, &c.

Where land is devised subject to the payment of legacies, and the devisee dies before payment, the legatees have a specific lien upon the income of the land after his death as well as upon the land itself, and their legacies must be paid out of the same in preference to the creditors and legatees of such devisee.

If the estate and the income which accrued after the death of the devisee should prove insufficient for the payment of the legacies charged thereon, the balance, to the extent of the rents and profits received by the devisee in his life time, will constitute a debt against the residue of his estate, to be paid in a due course of administration.

Where the legatees seek a sale of the estate to satisfy the legacies charged thereon, the devisee or his heirs cannot require them to litigate a claim of third persons which if valid is paramount to the title under the will of the devisor.

In such cases, the right acquired under the will, whatever it may be, must be sold subject to all paramount claims thereon.

The rule that all persons materially interested in the subject matter of the litigation should be made parties to the suit, may be dispensed with when it becomes extremely difficult or inconvenient.

But it cannot be dispensed with where the rights of persons not before the court are so inseparably connected with the claims of the parties litigant that no decree can be made without impairing the rights of the former.

Where there are many persons having claims on a fund, and the shares of a part cannot be determined until the rights of all the others are settled and ascertained, as in the case of residuary legatees, or creditors of an insolvent estate, all must be made parties; or they must have an opportunity of coming in and substantiating their claims before any distribution of the fund can be made.

In such cases, if the fund is in court or under the exclusive control of the parties actually before the court, it will be sufficient for any of the parties having a separate claim upon the fund, to file a bill in behalf of themselves and all others who may elect to come in under the decree.

It seems that one residuary legatee may file a bill in behalf of himself and all others standing in the same situation, and that it is not necessary to make them all actual parties to the suit.

Where a bill is filed by a creditor for the payment of a particular legacy, if the defendant admits a sufficiency of assets, a decree for the payment may

1829.

Hallett
v.
Hallett.

be made without any general account of the estate or notice to others cred-itors or legatees.

But if it appears by the answer that there is a deficiency of assets, the de-cree must be for a general account and distribution of the fund among all those who may come in and establish their claims under the decree.

*If the complainants do not proceed with due diligence under a general de-cree for an account, any person coming in under the decree will be per-mitted to prosecute the suit, and may file a supplemental bill if necessary.*

Where separate legacies are charged upon real estate in the hands of the heir or devisee, each legatee has a lien on the estate, which cannot be di-vested by a sale under a decree to which he is not an actual party. In such cases one legatee cannot file a bill in behalf of himself and the oth-ers, but all must be made parties, *either as complainants or defendants.*

If the names of any of the legatees cannot be ascertained, or for any other reason it is impossible to bring all the legatees before the court, a decree may be made for the sale of the estate subject to the claims of such lega-tees; but to dispense with them as parties, a foundation therefor must be laid in the complainant's bill.

December 1st.

Naomi Dunbar, by her will, devised her real and personal estate *to* her son Abraham S. Hallett, charged with the pay-ment of the legacies given in the will; and she appointed him, together with her son Richard S. Hallett, her executors. Among other legacies, she gave to her grand children Thomas C. Hallett and Hannah Hallett $1300 each, with interest from the death of the testatrix; payable when they became of age. The complainant Thomas C. Hallett became of age in 1816, and his sister Hannah in 1818. Hannah Hallett died after she became of age, and the complainant Edna Davis was appointed her administratrix. Abraham S. Hallett proved the will and took possession of the property in 1816, and continued in possession until his death in 1826. The other executor renounced the execution of the will. Part of the legacies charged on the real and personal estate of Naomi Dunbar have been paid, but a considerable portion thereof, including the whole amount due to Thomas C. Hallett and his sister, remains unpaid. A part of the property of the testatrix was a house and lot in Water-street in New-York, which was worth about $800 per annum. Abraham S. Hal-lett by his will directed his executors, or such of them as should assume the executorship, to sell his real and person-al estate and pay his debts, and then to divide the residue among his relations, in the manner therein stated; and he

gave the one sixtieth part of his estate to the complainant Thomas C. Hallet, and appointed the defendants and J. R. Willis his executors. Willis renounced, but the defendants proved the will and took possession of the estate ; and have since that time received the rents of the real estate devised to their testator by Mrs. Dunbar.

The complainants filed their bill in this cause, in behalf of themselves, and all others of the legatees of Mrs. Dunbar who should come in and contribute to the expenses of the suit, against the defendants as executors of Abraham S. Hallett, for the purpose of compelling a satisfaction of the legacies, given by the will of Mrs. Dunbar, out of the estate in their hands. The principal facts in the case were admitted by the defendants ; but they alleged that there was a dormant claim against the house and lot in Water-Street which might affect the title of Mrs. Dunbar, in consequence of which they could not sell it and make a good title to the purchaser ; that the debts of Abraham S. Hallett exceeded the amount of his personal estate ; that a part of the rents of the real estate had been applied to the payment of the legacies given by the will of Mrs. Dunbar, and other parts thereof had been applied in the administration of the estate of Abraham S. Hallett generally ; and that no separate account thereof had been kept. The cause was heard on bill and answer ; and the question whether the necessary parties were before the court was then for the first time raised.

*P. Ruggles,* for the complainants, cited *Davoue* v. *Fanning,* (4 John. Ch. R. 199 ; ) *Brown* v. *Rickets,* ( 3 id. 553.)

*W. Slosson,* for the defendants, cited *Newman* v. *Johnson,* (1 Vernon, 45.)

THE CHANCELLOR. There can be no doubt as to the rights of the complainants in this cause ; and the only question is, whether the proper parties are before the court to enable me to make a decree which will secure those rights. The property having been devised by Mrs. Dunbar, specially charged with the payment of all the legacies, the legatees are entitled to have the proceeds of the real estate, and the

1829.

Hallett
v.
Hallett.

rents and profits thereof since the death of Abraham S. Hallett, applied for that purpose, in preference to the general debts and the legacies which the executors of the latter are by his will directed to pay out of the proceeds of his estate. The legacies given by the first will constitute a specific lien on that fund. The rents and profits received by Abraham S. Hallett in his life time, and disposed of by him, can no longer be traced and identified. If the real estate and the income thereof since his death are not sufficient to pay the whole amount of these legacies, the residue will constitute a debt against his other estate, to be paid in a due course of administration.

The parties claiming under the will of Mrs. Dunbar cannot call upon the heirs of Brewerton to litigate with them their title to the estate under a claim paramount to hers. If the complainants had made them parties for that purpose, they probably would have demurred to the bill. The cases, of *Pelham* v. *Gregorey*, (1 Eden's Rep. 522,) and *Devonsher* v. *Newenham*, ( 2 Sch. & Lef. 199,) show that such a bill could not be sustained. The property must be sold subject to their rights, whatever they may be.

Who are necessary parties to a suit ? is frequently a question of difficulty ; and it is impossible to reconcile all the various decisions on this subject, either with established principles or with each other. But there are certain general rules which must serve as a guide to the court on a subject that in some measure depends upon the exercise of a sound discretion. It is a general rule in equity that all persons materially interested in the subject matter of the suit, either as complainants or defendants, ought to be made parties, in order that a complete decree may be made which will bind the rights of all, and prevent a useless multiplication of suits. But to this rule there are many exceptions. It is a rule adopted for the convenient administration of justice, and is dispensed with when it becomes extremely difficult or inconvenient. ( *Wendell* v. *Van Rensselaer*, 1 John. Ch. R. 349.) It is on the principle of this exception that the circuit courts of the United States, which are courts of limited jurisdiction with respect to parties, are enabled to exercise equity jurisdiction in many cases where a strict adherence to the rule would

compel the complainants to resort to the state courts. (*El-mendorf* v. *Taylor, & others*, 10 Wheaton's Rep. 152. *Harding* v. *Handy*, 11 Wheat. R. 103.) But this exception does not extend to those cases where the rights of persons not before the court are so inseparably connected with the claims of the parties litigant, that no decree can be made without materially affecting the rights of the former. (*Mallow* v. *Hinde*, 12 Wheat. Rep. 193. *Ward* v. *Arredondo & others*, 1 Paine's Rep. 410. 1 Hopkins' Rep. 213, S. C.) If there are many parties standing in the same situation, as to their rights or claims upon a particular fund, and where the shares of a part cannot be determined until the rights of all the others are settled or ascertained, as in the case of creditors of an insolvent estate or residuary legatees, all the parties interested in the fund must in general be brought before the court, so that there may be but one account, and one decree settling the rights of all. And if it appears on the face of the complainant's bill that an account of the whole fund must be taken, and that there are other parties interested in the distribution thereof, to whom the defendants would be bound to render a similar account, the latter may object that all who have a common interest with the complainants are not before the court. In these cases, to remedy the practical inconvenience of making a great number of parties to the suit, and compelling those to litigate who might otherwise make no claim upon the defendants, or the fund in their hands, a method has been devised of permitting the complainants to prosecute in behalf of themselves, and all others standing in the same situation who may afterwards elect to come in and claim as parties to the suit, and bear their proportion of the expenses of the litigation. If such parties neglect to come in under the decree, after a reasonable notice to them for that purpose, the fund will be distributed without reference to any unliquidated or unsettled claims which they might have had upon the same. But if the rights of such absent parties are known and ascertained by the proceedings in the suit, provision will be made for them in the decree. (Anonymous, 9 Price's Rep. 210.) In either case the court will protect the defendants against any further litiga-

tion in respect to the fund.   (*Farrell* v. *Smith*, 2 Bull &
Beat. 337.)

In *Brown* v. *Rickets*, (3 John. Ch. Rep. 553,) Chancellor
Kent seems to suppose the case of residuary legatees an
exception to the general rule that one claimant of the fund
may file a bill in behalf of himself and all others having a
common interest; but every reason which could possibly be
urged against permitting one residuary legatee to sue for him-
self and all the others, without making them actual parties,
was equally applicable to the case then before him for adju-
dication.   The case of *Parsons* v. *Neville*, (3 Brown's Ch.
Rep. 365,) referred to by him as establishing that principle,
was not a case of legatees, but of devisees; and the partic-
ular nature or object of the suit is not stated.   The dictum
of Lord Eldon, in *Cockburn* v. *Thompson*, (16 Ves. 327,)
probably refers to this case; as I can find no decision of Lord
Thurlow in which the principle is applied to the case of a
suit brought by a residuary legatee of the personal estate, or
by one who is entitled to a distributive share thereof as the
next of kin.   The correctness of the opinion of Chancellor
Kent on this particular point is questioned by my immediate
predecessor, in the case of *Kettle & wife* v. *Crary*, (1 Paige's
Rep. 417, note.)   And in a case before Sir John Leach, in
1822, where the *cestuis que trust* were numerous, he permit-
ted a part to file a bill, in behalf of themselves and the others,
against the trustees.   (*Manning* v. *Thesiger*, 1 Sim. & Stu.
106.)   In the case of *Davoue* v. *Fanning*, (4 John. Ch. R.
199,) the complainant made a claim upon the real estate;
and the suit was not instituted on behalf of himself and the
other residuary legatees.   I can see no reason for excepting
residuary legatees from the application of the rule, and can
find no case in which the question has arisen and where it has
been directly decided that a part may not sue in behalf of
themselves and the others.   The anonymous case before cited
(9 Price, 210,) shows that their rights will be protected under
the decree whether they come in or not; and from the case
of *Farrell* v. *Smith*, (2 Ball & Beat. 337,) it appears the ex-
ecutors will be protected, under the usual decree for an ac-
count and distribution of the fund, if by any accident the ex-

istence of a person having such a right was not known until after the fund had been fully administered. I see no objection to the distribution of the fund on a bill thus framed, which is not equally applicable to a similar distribution under a decree upon a bill filed in behalf of a creditor or ordinary legatee ; in which cases it is well settled that the residuary legatees or next of kin need not be made parties to the suit. I apprehend the reason why one creditor, or one legatee who has a specific claim against the estate, may sue in his own name only, and yet that a decree may be made on such bill for a general distribution of the fund, to be this: It does not appear upon the bill that there are not sufficient assets to pay all the creditors or legatees; and therefore no general account and distribution of the fund may be necessary. I understand the rule in that case to be, if the executor admits a sufficiency of assets, there is to be a decree for the payment of the particular debt or legacy, without any general decree for an account. Hence the ordinary prayer in the bill that the defendant may admit assets, or set out an account in his answer; and if he admits assets he is not obliged to set out the account. (Per Sir Thomas Plumer, V. C., Cooper's Rep. 215.) But if by the answer of the defendant it appears there will be a deficiency of assets so that all the creditors cannot be paid in full, or that there must be an abatement of the complainant's legacy, the court will make a decree for the general administration of the estate, and a distribution of the same among the several parties entitled thereto, agreeable to equity. If several suits are depending in favor of different creditors or legatees, the court will order the proceedings in all the suits but one to be stayed, and will require the several parties to come in under the decree in such suit, so that only one account of the estate may be necessary. (*Ross* v. *Crary*, 1 Paige's Rep. 416. *Goate* v. *Fryer*, 2 Cox's Cas. 201.) But to prevent collusion between the complainant and the executor, if the defendant has not set out an account of the estate in his answer, he will not be permitted to restrain other creditors or legatees from proceeding in their suits, until he has made an affidavit as to the amount of the fund in his hands; which fund he may be required to pay into court; (*Paxton* v. *Doug-*

1829.

Hallett
v.
Hallett.

*lass*, 8 Ves. 518.)    And if there is any unnecessary delay in the prosecution of the decree, any person coming in to claim under it may apply for leave to prosecute the same, and may file a supplemental bill if necessary. (*Dixon* v. *Wyatt*, 4 Mad. Rep. 392. *Edmunds* v. *Ackland*, 5 Mad. Rep. 31.) In all these cases the proceedings are in rem.    And the parties who have the exclusive control of the fund being before the court, the chancellor takes the administration thereof into his own hands, and directs due notice to be given to all parties interested to come in and exhibit their claims and settle their priorities.    The court having directed the distribution of the fund and thus deprived the executor or trustee of all control over the same, it will not permit those who have neglected to come in under the decree to proceed in a suit against the executor or party from whose hands the fund has thus been taken for distribution.    But as a decree can only bind and be made effectual against property which is under the exclusive control of those actually before the court, a suit cannot be brought by one legatee in behalf of himself and all others whose legacies are charged on the real estate, for a sale thereof.    The lien of the other legatees on the land would not be divested by such a proceeding, unless they came in and made themselves parties to the suit; and therefore no good title could be made to a purchaser under the decree.    Thus in *Morse* v. *Sadler*, (1 Cox's Cas. 352,) where the estate was devised to the defendant, charged with the payment of a number of legacies to different individuals, and one of the legatees filed a bill in behalf of himself and the others for the purpose of charging the estate in the hands of the devisee, Lord Kenyon decided that all the legatees must be actual parties to the suit; and directed the cause to stand over for that purpose.    This case seems to be directly in collision with that of *Brown* v. *Rickets* before referred to; where Chancellor Kent permitted one legatee whose legacy was charged on the real estate to sue in behalf of himself and the other legatees.    But on examination it will be seen that a sale under the decree in the latter case gave a perfect title to the purchaser, discharged of the liens of the other legatees; and leaving them to come in and take their share of the fund under the decree or obtain

nothing : whereas a decree in the first case would only have authorized a sale of the interest of the devisee, discharged of the lien of the complainants' legacy ; and the purchaser must have taken it subject to the lien of the other legatees, whose interest could not be affected by the decree. In *Brown* v. *Rickets*, the estate was devised to the executors, iu trust to sell and pay the legacies. They had a perfect right to sell for that purpose, and their vendee would acquire a valid title under the will of the testatrix discharged of all liens. The decree in that case directed the executors to execute the trust, by selling the estate ; and the court thus obtained the absolute control of the whole fund, to be distributed under its direction agreeably to equity.

1829.

Hallett
v.
Hallett.

On examination of the case now before me, one part of it appears to come within the principle of the decision in *Morse* v. *Sadler* and another part within that of *Brown* v. *Rickets*. The estate was devised to Abraham S. Hallett in fee, charged with the payment of divers legacies. He could not sell the property so as to give a good title to the purchaser ; but his vendee would have been bound to see that the legacies were actually discharged out of the purchase money. ( *Horn* v. *Horn*, 2 Sim. & Stu. R. 418. ) If the devisee was alive and now before the court, it would still be necessary to make all those legatees actual parties to the suit, to enable me to make a valid decree binding their rights. If there was any substantial reason why they could not be made parties, the court, to prevent a failure of justice, might make a decree for a sale of the property subject to their lien. But that cannot be done unless a sufficient foundation for such a decree is contained in the bill ; as it would subject the estate to the expense of other suits and the executors to a double account. Whether it will be absolutely necessary to make all the heirs at law as well as the legatees of Abraham S. Hallett parties defendants, must in a great measure depend upon the powers given to the executors under his will ; whether they take the legal estate by implication or have a mere authority to sell ? And if they have the power to convey the legal estate so as to give a good title to the purchaser ; whether the complainants and the other legatees of Mrs. Dunbar are willing

1830.

*Dunham
v.
Winans.*

to entrust the sale of the property and the distribution of the funds to them ? These are questions not properly before me at this time, as the rights of the several parties and the powers and duties of the executors under the last will are not set forth in the pleadings. There is very little doubt of the right of the complainants to make all these persons parties, whether it is absolutely necessary or not. If the estate is exhausted by an unreasonable refusal of the executors of Hallett to sell the property and pay these legacies, which are clearly the debts of their testator and chargeable thereon, they may be personally charged with the costs which the legatees have been compelled to make.

The cause must stand over ; with liberty to the complainants to amend their bill by making all proper persons parties thereto, either as complainants, defendants or otherwise, as they shall be advised. They are also to be at liberty to set forth such other facts relative to the rights of any of the parties, or the powers and duties of the executors under the last will, or in relation to any other matter, as they may be advised to insert in their bill by way of amendment. And the defendants are at liberty to put in a further answer to such amendments ; and the question of costs on such amendments is for the present reserved.