Teeat, Justice, delivered the opinion of the court: Campbell and Dabney filed their bill in chancery against [*426] David Spear, alleging, in substance, that they had severally obtained judgments at law against Isaac P. Spear; that while said Isaac P. Spear was indebted to them, and before the recovery of the judgments, he was seized in fee of certain real estate, which he conveyed to the defendants without any valuable consideration, and for the fraudulent purpose of avoiding the payment of his debts to the complainants and others. The prayer of the bill was that the conveyance might be declared fraudulent and void and the lands held subject to the payment of the complainants’ judgments. The answer of the defendant admitted the rendition of the judgments and the making of the conveyance, but insisted that it was made in good faith and without any fraudulent intention. There was a replication to the answer. The cause was heard on the pleadings and exhibits, and the court held the conveyance fraudulent and void as to the complainants, and declared the real estate conveyed to the defendant, subject to sale on the executions to be issued on the complainants’ judgments. To reverse that decree a writ of error is prosecuted. One of the errors assigned presents the question whether the judgment debtor was a necessary party to the proceeding. It is a rule universally recognized in courts of equity that all persons are to be made parties to the suit who have any substantial, legal, or beneficial interest in the -subject matters of the litigation, and who are to be materially affected by the decree which may be pronounced. It is a favorite object of a court of equity to do full and complete justice, and thus avoid a multiplicity of actions. In order to do this effectually it must have all the parties interested before it, so. that all of their rights can be seen and ascertained and a decree made with a full knowledge of the case. A decree thus rendered will properly bind all of the parties, can be safely carried into effect, and will effectually prevent all further litigation. This, general rule is subject to some exceptions and modifications, none of which aré necessary to be stated, for a proper determination of this case. Was the judgment debtor a necessary party? We think he was. The payment of judgments recovered against him was sought to be enforced out of property which he had conveyed with covenants of title, apparently for a valuable consideration, and without fraud or collusion. He ought, under such circumstances, to have an opportunity of showing that the judgments had been paid or otherwise discharged. He should be permitted to contest the right of the complainants to the peculiar remedy they were pursuing. He might be interested in sustaining the conveyance which he had made, and he certainly should be allowed the privilege of insisting and proving that it was made in good faith, for a valuable consideration, and with- [* 427] out any design to defraud the complainants, or hinder or delay them in the collection of their debí s. A decree invalidating his conveyance might result in an eviction of his grantee, who would turn upon him and seek to make him liable for the failure of title. Such a decree, made in a proceeding to which he was not in any manner a party, and of which he had no notice, actual or constructive, might be productive of gross and glaring injustice. In every point of view, we are clearly of the opinion that the judgment debtor was not only a necessaiy, but an indispensable party. It is to be remarked, that this objection was not made in the circuit court, but'is now for the first time interposed. It was insisted, on the argument, that it should have been taken at an earlier stage of the proceeding, and that it comes too late in .this court. The correct practice, where the want of proper parties is apparent on the face of the bill, is to take advantage of it by demur-, rer. If the objection does not thus appear, it may be set up by plea, or insisted on in the answer. Where the parties thus omitted are mere formal parties, or not absolutely necessary to a decision of the case, the court will not listen to the objection at the hearing ; but where the rights of parties not before the court are inseparably connected with the subject matter in dispute, so that a final decision cannot be made without materially affecting their interests, the objection may be taken at the hearing, or on appeal or error. Story’s Eq. Plead. §§ 236, 541; Mallows v. Hinds, 12 Wheat. 193; Hallett v. Hallett, 2 Paige 15; Herrington v. Hubbard, 1 Scam. 569. The decree of the circuit court must be reversed, and the cause remanded for further proceedings. The complainants, on the filing of the transcript in the circuit court, have leave to amend their bill by making Isaac P. Spear a party defendant. The costs of this writ of error are to be paid by. the complainants. Decree reversed.