The opinion of the Court was delivered by
Dunkin, Ch.
These causes were heard together. The former bill is stated to have been filed in August, 1857, the latter in N ovember of. the same year. To both suits the defendants demurred for m'ultifariousness. All the plaintiffs are stated to be creditors of George Neel, who is alleged to be insolvent. *339 The charges are that, at various times, he made voluntary gifts of property to his children, the several defendants, who are alleged to be in possession of the sanie. The purpose of the plaintiffs is to set aside the deeds and subject the property to the payment of the grantor’s debts. No actual, or intentional, fraud is charged on any of the parties. The principle is very well established that “ where the interests of the plaintiffs are the same, although the defendants may not have a co-extensive common interest, but their interests may be derived under different instruments, if the general objects of the bill will be promoted by their being united in a single suit, the Court will not hesitate to sustain the bill against all of them.” Story, Eq. PI. § 534. Upon this principle it has been held that “ distinct and several judgment creditors may join in one bill for discovery and relief to set aside conveyances which have been made by their debtor in fraud of his creditors — for they all have a common interest in the suit; and if they succeed, the decree will be beneficial to all in proportion to their respective interests.” Id. § 537, a.
In addition to these general reasons it may be added that it is a favorite object of Equity jurisdiction to do complete justice and prevent a variety of litigation. If the allegations of the plaintiffs should be successfully maintained, in administering the proper relief the Court may deem it necessary to have the several donees before them in order to adjust the equities which may arise among themselves. See Screven vs. Joyner, 1 Hill, Ch. 252; Thomson vs. Murray, 2 Hill, Ch. 204. The Court is of opinion that the demurrers in both cases were properly overruled.
In the case first entitled (Williams vs. Neel) the second ground of appeal is that, if the bill be not multifarious, yet the demurrer should have been sustained and the bill dismissed on the ground that it should have been a “creditor’s bill.” But no such objection appears i-n the ground of demurrer which is for multifariousness only,. Upon such objection being taken it is not unusual for the Court, at any *340 time, to give leave to the plaintiff to amend his bill in this respect if it be deemed necessary ;(a) or as suggested by the Chancellor in Hallett vs. Hallett, 2 Paige, 18, 19. “ If several suits are pending in favor of different creditors, the Court will order the proceedings in all the suits but one to be stayed, and will require the several parties to come in under the decree in such suit, so that only one account of the estate may be necessary.” But all this is matter for the Circuit Court, and not for this tribunal.
It is ordered and decreed that the appeal be dismissed.
Johnston and Wardlaw, CC., concurred.

Appeal dismissed.

 Johnson vs. Bank, 3 Strob. Eq. 329.