## MATTER OF THE PETITION OF ROBINSON et al.

*Presumption.—Appointment of trustees.*

Where a testamentary trustee neglects to qualify as such, for a period of twenty years, he will be presumed to have renounced the trust.

The supreme court may appoint a trustee, in case of a vacancy, on notice to such parties as they, in their discretion, may think proper to direct.

APPEAL from the general term of the Supreme Court, in the third district, where an order appointing George W. Robinson, to be trustee under the last will and testament of Alexander Robinson, deceased, had been affirmed.

Alexander Robinson died in February 1846, leaving a will, which was duly admitted to probate by the surrogate of Columbia county. By the said will and a codicil thereto, Hetty Robinson, the widow, James B. Murray, John L. Mason and Hamilton Murray were named as executors and trustees thereof. Washington Murray was also appointed one of the executors.

Hetty Robinson alone took out letters testamentary, and accepted the trust, and continued to act as sole executrix and trustee, until her decease, in December 1863. In May 1864, James B. Murray took upon himself the execution of the trust, and letters were issued to him; he acted as sole executor and trustee, until his death, in February 1866. At the time of his decease, he had in his hands as executor and trustee about *$48,000. John L. Mason had previously died; and Hamilton Murray was travelling in Europe, [ * 262 was advanced in years, and an invalid. Washington Marray died pending these proceedings. The trust pro-

299

perty originally consisted of both real and personal estate.

On this state of facts, all who were immediately interested in the trust, except Mrs. Staab, a daughter of the testator, applied to the supreme court for the appointment of George W. Robinson, the only son of the testator, as trustee under the will, on giving the necessary security for the faithful performance of the trust. The court, at special term, ordered a reference to take proofs and to report a suitable person to be appointed. The referee reported favorable to the appointment of Mr. Robinson, and, thereupon, he was appointed trustee, to execute the trusts specified and declared in the will. On appeal by Mrs. Staab, the order so appointing him trustee was affirmed by the general term; whereupon, a further appeal was taken to this court.

————, for the appellant.

*Reynolds*, for the respondent.

BOCKES, J.—The objections urged to the appointment of Mr. Robinson, as disclosed by the notice of appeal, were, first, that there was no vacancy to be filled, inasmuch as Washington Murray became trustee by virtue of his executorship of the last will and testament of the deceased trustee, James B. Murray; second, that it appeared, that Mr. Robinson was an improper person to be appointed trustee of the will; third, that no notice had been given of the application for his appointment, to the infant *cestuis que trust;* and, fourth, that no notice of the application was given to Hamilton Murray, the surviving trustee named in the will.

It is unnecessary here to speak particularly of the trusts declared in the instrument, and devolving on

300

the trustee to *execute, as it is conceded, they [ * 263
were and are such as made the appointment of
a trustee by the supreme court proper and necessary, in
case there was in fact a vacancy. This being conceded,
or established by proof, it was admittedly within the
province of the court, and became its duty, to appoint
a suitable person to carry the trust into effect, as it is a
familiar principle in equity, that a trust which is legal
shall not fail for want of a trustee. The question, there-
fore, arises, was there a vacancy, at the time the appli-
cation to the supreme court was made.

It cannot be said, that there was no vacancy, for the
reason that Hamilton Murray, named in the will as
trustee, still survived. He had not accepted the trust,
and had for twenty years omitted to qualify as trustee,
or to claim the trusteeship. No responsibility as trus-
tee rested on him. Had he claimed the trusteeship, as
successor of James B. Murray, and nothing being shown
to disqualify him, the court would undoubtedly have
followed the wishes of the testator and appointed him.
Still he was not trustee, in law or fact, at the time the
application was made. His omission to qualify as trus-
tee, or to claim the trusteeship, for so long a period,
and permitting other persons, during all that time, to
perform the duties, without challenge, must be deemed
a renunciation and refusal on his part to accept the
trust. As regards him, there was most clearly a
vacancy.

It is now quite unnecessary to consider the question,
whether Washington Murray succeeded to the trustee-
ship, either as executor of James B. Murray, or by force
of the language employed in the instrument itself. His
decease deprives this objection of all practical import-
ance; but we will, however, state, that, had he survived,
we are inclined to the opinion, that, under the facts of
this case, he was not entitled to claim the trusteeship,
on either of the grounds urged by the appellant's

counsel. We shall, therefore, assume, that a vacancy existed in the trusteeship, at the time the application to the supreme court was made.

It is next insisted, that George W. Robinson was an improper person to be appointed trustee under the will. This *is not made clearly to appear. It is not shown, that he is wanting in integrity or business capacity, and the only objection now urged is, that controversies existed between him and the deceased trustee, in regard to matters pertaining to the trust, and that such difficulties remain unsettled. But his appointment will not prevent proceedings to compel, if necessary, their fair, complete and speedy adjustment. No insurmountable legal objection is suggested to his appointment, and it is not shown, that the discretion of the court below has been improperly or unwisely exercised, in his selection, especially, when we hold in mind, that he comes before the court recommended by those representing much the greater portion of the estate.

*264 ]

It is next urged, that his appointment was improper, without notice to the infant *cestuis que trust*. This was not an application for the removal of a trustee, and for the passing and settling of his accounts. Had it been such, all persons interested in the trust property and estate should have been notified, and made parties to the proceeding, in the absence of all excuse for the omission. But in a proceeding simply for the appointment of a trustee to execute trust duties and powers, for the faithful performance of which security is always required, it is a matter of discretion with the court, as to whom notice shall be given. The court in which the application is made may determine and direct in that regard; the appointment being always open to review, on the application of any party interested, and who may not have been informed of the proceeding.

In applications of this character especially, the deter-

mination of the question as regards parties, rests very much upon considerations of convenience. Indeed, Judge STORY, in speaking of the subject of parties in actions and proceedings in equity generally, remarks, that the rule "does not seem to be founded on any positive and uniform principle; and, therefore, it does not admit of being expounded by the application of any universal theorem as a test." He adds, "it is a rule founded partly in artificial reasoning, partly in considerations of convenience, partly in the solicitude of *courts of equity to suppress multifarious litigation, and partly in the dictates of natural [ * 265 justice, that the rights of persons ought not to be affected, in any suit, without giving them·an opportunity to defend them." In *Harvey* v. *Harvey* (4 Beav. 215), it was said, that it was a question of convenience, whether the court would require all the parties interested in the subject-matter to be made parties. And in *Birdsong* v. *Birdsong* (2 Head, Tenn., 289), it was held to be a question of discretion, rather than·of absolute right. So, it was held, in *Wiser* v. *Blachiey* (1 Johns. Ch. 438), by Chancellor KENT, that the general rule that all persons whose interests may be affected by the decree, must be made parties, was founded on convenience, and subject to exceptions and modifications, according to the discretion of the court. (3 Ves. 314; 11 Id. 429; 15 Id. 14 *n.*; 16 Id. 321; 2 Paige 15; 1 Johns. Ch. 349.) In one of the cases cited, it is said, that the rule requiring the presence of all parties interested, is a rule of convenience,· subject to modification and discretion, and that the court would be satisfied, when a sufficient number of the persons interested were before the court, to sustain the question submitted for its decision.

In the light of these decisions, the omission to give notice to the infant *cestuis que trust* of the proceeding in this case, was not an error demanding a reversal of the

303

order. Clearly, Mrs. Staab, the appellant, has no cause of complaint because of the omission, nor is it made to appear, that the rights of the infants have been in any way injuriously affected thereby. Nor was it imperatively necessary to give notice of the application to Hamilton Murray, the surviving trustee named in the will. Indeed, notice to him was quite unnecessary. He had no interest in the trust property, had never accepted the trust, and for twenty years had omitted to claim the trusteeship. But, conceding that notice to him would have been proper, it was a matter of convenience and discretion with the court, and in this respect, subject to the same rules above applied to the case of the infant *cestuis que trust*.

*266 ]      *We are unable to discover any error in the decision of the supreme court. The order appealed from should be affirmed, and, under the circumstances of the case, we are of the opinion, that the costs of the appeal to this court, of both appellant and respondents, should be paid by the trustee out of the trust-fund.

> Order affirmed; costs to be paid out of the fund.