Feeeman, J.,
delivered the opinion of the Court.
The bill is filed by the complainants to recover their interest under the will of Henry Crichfield, Sr., of the said Richard and William, and of E. N. Cun-nigham as grand-children of said Henry Crichfield, Sr., and by McCaleb, to recover an interest as assignee of Johnathan McKinney, and wife Martha, said Martha being a grand-daughter of testator. The said Martha died before her husband Johnathan McKinney, the husband not long after, and they left two children, Joseph and Samuel McKinney, infants, their only heirs and distributees.
The interests sought to be recovered are claimed under fifth and sixth clauses of the will of Henry Crichfield, Sr., which provides, that all the remainder of my estate, including land and personal property, shall be sold by my executors, and proceeds equally divided between all my grand-children, and also William Ball, a son of a grand-daughter. The sixth clause provides, that if any of my grand-children should die after my death, the share going to such grand-child shall be equally divided between his or her brothers and sisters, provided the deceased had not received his share before his death.
It is alleged that there were “ thirty-five grandchildren at death of testator, in 1858, and that the legatees were so numerous at death of testator, and *290 have since so changed by marriage, death, etc., and scattered by lapse of time and disturbances through which the country has passed, that it is inconvenient, expensive, and in fact wholly impracticable to make them all parties by name.” This is the allegation in original bill, and the same excuse is substantially given in an amended bill filed in the case. A demurrer was filed to the original bill by defendants: first, because it appears by the bill that Henry Crichfield, Sr., left other heirs besides those named as complainants not made parties to the bill; and second, for want of equity in face of bill.
No action seems to have been had on this demurrer till after filing an amended bill, alleging some additional matters, not necessary to be here mentioned.
To this amended bill a demurrer was filed by Sawyer, Young and Pillow, and following causes of demurrer assigned: first, want of parties in not making the other legatees parties; second, misjoinder of parties complainant, in this, that the complainant James M. McCaleb has no cause of action in his own right, according to his own showing in the bill.
It seems from decree, that the demurrers to both ■original and amended bills were heard together, and overruled by Chancellor, from which there is an appeal to this Court.
Ve need scarcely say, that the second cause of demurrer to original bill, that “there is no equity in complainant’s bill,” is too general to be noticed. All -demurrers are required to be special, and point out the particular objection relied on: 3 Head, 372.
*291 The other causes assigned raise questions, first, as to the necessity of making all persons interested, parties to the bill, or the sufficiency of the excuse given in bill for not doing so.
The general rule is, that all persons who have a legal or beneficial interest in the subject-matter of the suit ought to be before the Court, either as complainants or defendants: Story’s Eq. PL, s. 77.
There are several well recognized exceptions, however, to this rule. Mr. Story gives as an illustration of these exceptions, the case of a bill brought by one of several residuary legatees for a final settlement of the estate of a testator. “In general,” he says, “all other residuary legatees should be made parties. But if any of such residuary legatees are out of the jurisdiction of the Court, and can not be conveniently made parties, either as plaintiffs or defendants, the Court will dispense with them, and proceed to decree the shares of the parties before it:” s. 89; and it has been held, that in all cases a residuary legatee might sue in behalf of himself and all others, without making them technically parties: See Kittle v. Crary, 1 Paige, 417, 420, cited in note 5, Story’s Eq. Pl., p. 101.
The rule is thus broadly stated in this case, “that in all cases of residuary legatees, in common with all other cases where it is impracticable' to make parties, or where the inconvenience and expense would greatly overbalance the utility of the proceeding, and all the rights of the class to be affected by the decree may be protected and preserved by their subsequent accession to the suit, or in reference to the mat *292 ter, tbis Court will dispense them as parties on the record: See Ross v. Crary, 1 Paige, 412; 2 Paige, 19 to 20. We think the rule applicable in this case, and that it may well be included as coming within the exceptions to the general rule. As a matter of course, on a reference to the Clerk and Master, in order to the ascertainment of the interests of complainants, they must show the number of parties entitled, but we do not think the bill should be dismissed at this stage on demurrer for this cause, and the trustees be allowed to keep a fund in their possession, and defeat this proceeding because of the difficulty of ascertaining the names of parties so numerous, as in this case, at commencement of the suit.
It is insisted the exceptions to the rule do not apply in our Courts, because all parties, though nonresidents or unknown, may be made parties by publication.. We do not think this changes the rule of pleading, or as to parties.’ Publication is only in lieu of service of process, but was not intended, we think, to affect the rules we have cited.
The next question is, as to whether McCaleb shows himself as having any cause of action, by the allegations of bill and amended bill, and if not, the effect of such misjoinder.
McCaleb purchased of McKinney and wife their interest in this estate, and the amended bill shows that the wife died leaving her husband surviving heir.
It is well settled, that no assignment by the husband of reversionary interest of the wife, even with her consent and joining in the assignment, will exclude *293 her right of survivorship. The assignment is not, and can not be, or amount to a reduction into possession of the wife’s reversionary interest: 2 Hum., 569; Story Eq. Jur., s. 1413. But in case of reversionary interest, if the husband and wife outlive the life tenant, so that husband and wife become entitled, the assignment having been made for valuable consideration, the assignee in equity would be entitled to the property: 2 Hum., 550.
It may be admitted that the assignment of the husband and wife of the wife’s interest in this residuary bequest would not have been good under the circumstances of this case against the wife’s equity to a settlement on herself and children, on application by the wife to a Court of Equity for this purpose. She could only assign her equity or waive it upon privy examination, either in open Court where the case is pending, or before a commissioner appointed by the Court for that purpose: 3 Sneed, 582; 10 Hum., 200; 1 Hum., 54.
The wife has died, however, before the husband in this case, and had commenced no proceeding to have her equity settled on her in her life-time. She might have filed her bill to have set aside this assignment, as in the ease of Thredgill v. Coppedge, 3 Sneed, 578. But this was not done. Mr. Story lays down the rule to be, that “the wife’s equity to a settlement is generally understood to be strictly personal to herself, and it does not extend to her issue unless it has been perfected in her life-time. If therefore she should die entitled to any equitable interest, and leave a husband *294 surviving her, and her children are unprovided for by any settlement, still ber busband will be entitled to file a bill to recover, the same without making any provision for the children.” Sec. 1417.
The same rights must follow in favor of assignee of husband and wife, who stands in his shoes by assignment.
This is conclusive of this case. The decree of the Chancellor will be affirmed, and case remanded to Chancery Court for answers and further proceedings, defendants paying the costs of this Court.