## AUGUST F. ZELLE ET AL.

### v.

## THE WORKINGMEN'S BANKING COMPANY.

1. PARTIES.—All persons should be made parties to the suit who have any substantial, legal or beneficial interest in the subject-matter of the litigation, and who will be materially affected by the decree to be pronounced.

2. WANT OF PARTIES—HOW TAKEN ADVANTAGE OF.—A want of proper parties to a suit may be taken advantage of at the hearing, or on appeal or error.

APPEAL from the City Court of East St. Louis; the Hon. CHAS. T. WARE, Judge, presiding. Opinion filed April 14, 1882.

Mr. CHAS. W. THOMAS, for appellant; that, upon a foreclosure, after breach of the contract of pledge, the right of property becomes absolute in a *bona fide* purchaser, cited Stokes v. Frazier, 72 Ill. 428.

A party who pledges negotiable paper, transferable by delivery, as security, loses all right to the security when transferred by the pledgee to a third party in good faith: Coit v. Humbert, 5 Cal. 260; Jarvis v. Rogers, 13 Mass. 105; Brightman v. Reeves, 21 Tex. 70.

Mr. M. MILLARD, for appellee; that, when the debt is extinguished, the security no longer exists, cited Pollock v. Maison, 41 Ill. 516; Emory v. Keighan, 88 Ill. 482.

An assignment of the debt and transfer of the deed of trust would still leave the matter open to all equitable de-

fenses: Kleeman v. Frisbie, 63 Ill. 482; Petillon v. Noble, 73 Ill. 567; Bryant v. Vix, 84 Ill. 11.

CASEY, P. J.   In December, 1877, Leonard Lohrer borrowed from the Broadway Savings Bank of St. Louis the sum of fifteen hundred dollars, for which sum he executed and delivered to the said bank his promissory note payable in ninety days. At the same time the said Lohrer executed his note payable to himself for the sum of three thousand dollars, and a deed of trust on certain real estate in the city of East St. Louis to secure the same. The last mentioned note with the deed of trust was indorsed by Lohrer and delivered to the bank as collateral security for the payment of the said note for fifteen hundred dollars. The deed of trust was duly acknowledged and recorded. The agreement as to the collateral security was in writing and is as follows:

" Having executed my note as above, and being desirous of securing the same, I hereby pledge as collateral security, my note, dated at St. Louis, December 11th, 1877, payable twelve months after date to my own order, for three thousand dollars, which is secured by deed of trust, of even date therein properly described.   And agree to give additional security whenever the market value of the above collateral should decline on notification of said bank.   Now, in default of payment of said note at maturity, I hereby authorize said bank to sell the same at public or private sale, or otherwise at its option, on the non-performance of this promise, without notice, and apply the proceeds to the payment of the above note; and in case the proceeds of said note are not sufficient to cover the amount of the above note, I agree to pay the balance on demand; and in case there is any surplus left, such surplus may be applied to the payment of any debt then due to said bank by me; and I authorize said bank to use, transfer or hypothecate the same at its option, it being required on payment of the amount loaned as specified above, and at any time before said collateral security shall have been sold to surrender the same, and also agree to pay all reasonable costs of collection of above note, including plaintiff's attorney fee, in case of litigation. ·

L. LOHRER."

This note and agreement are indorsed as follows:
" Without recourse I assign the within note to Zelle Bros.
"St. Louis, July 26, '79.

" JOHN R. LIONBERGER,
"Assignee Broadway Savings Bank."

"Nov. 7, 1879, credit on this note $1,250, being proceeds of
the sale of the within described collateral, made this date.

" ZELLE BROS."

On the first day of February, A. D. 1878, Lohrer, together
with one Boeckleman, executed and delivered to appellee a
deed of trust, upon the same real estate described in the former
deed, as well as other property, to secure indebtedness amount-
ing to three thousand one hundred and forty-three dollars and
sixty-two cents.   Default was made in the payment of the
indebtedness by Lohrer and Boeckleman.   Appellee foreclosed
the deed of trust, and obtained a deed to the premises therein
described, in November, 1879.   Lohrer failed to pay the note
given to the Broadway Savings Bank.   In May, 1779, that in-
stitution failed, and made an assignment for the benefit of its
creditors to one Lionberger.   Afterward, appellant, August F.
Zelle, acting for Zelle Bros., a mercantile firm, composed of
appellant, August F. Zelle, F. F. E. Zelle and H. Z. Zelle, pur-
chased from the said assignee, Lionberger, the said note for
$1,500, and the said assignee assigned the said note, and the note
for $3,000 given as collateral security as aforesaid, to Zelle Bros.,
without recourse.   The amount paid for said note by Zelle
Bros. was $1,500.   That was the amount due on the note at the
time of purchase.   On the 8th of November, A. D. 1879, Zelle
Bros. sold and transferred the said note for $3,000, and deed of
trust given to secure the same, to appellant, J. H. Rottman, for
the sum of $1,250, which amount was credited on the note for
$1,500, leaving $250 of principal still due on that note.   Zelle
Bros. still hold that note.   Immediately after the purchase of
the note, Rottman directed appellant, Gehner, who is the trus-
tee mentioned in the trust deed, to sell the premises described
in said deed; and the trustee, in pursuance of such directions,
advertised the property for sale on the 11th day of December

1879. The note was long past due at the time of the purchase by Rottman. To prevent this sale, appellee filed its bill in chancery, charging, in substance, that the said note given for the said sum of $3,000 was fraudulent, and that the said deed of trust was made for the purpose and with intent to create a fraudulent lien on the property; and that Lohrer, Zelle Bros. and Rottman had colluded together for that purpose to compel appellee to pay a false indebtedness.

The bill prays for an injunction to prevent the sale; that an account may be taken, etc., and that the lien created by the deed of trust may be released, etc. A temporary injunction was issued, restraining the trustee from selling the property. Upon the hearing of the cause the following decree was entered: The decree of the court finds that immediately prior to the commencement of this suit complainant offered to pay defendants, Rottmann and A. F. Zelle, the amount due on the $1,500 note, which was refused; that on the 20th of November, 1879, Lohrer surrendered possession of the premises to the defendant, Rottmann; that there is now due on said note $1,737, and that the note is still in the hands of August F. Zelle. It is decreed that complainant pay Zelle the said sum, and that he surrender the note to be canceled.

That Gehner, upon payment of said money, execute and deliver to complainant a proper deed of release, and that upon a tender of said amount to Zelle, all proceedings under the deed of trust made to secure the payment thereof, shall be perpetually enjoined. That complainant shall have thirty days after the entry of this decree to make such tender or payment, and that August F. Zelle and Rottmann pay the costs. It will be seen that A. F. Zelle and H. Z. Zelle, two of the members of the firm of Zelle Bros., are not made parties to the suit, and neither is there any appearance or defense on their part. Zelle Bros. purchased and still hold the note for $1,500. Each member of the firm very clearly had an interest in the result of the litigation, and they should have been made defendants to the bill in chancery. It is a rule recognized in courts of equity, that all persons are to be made parties to the suit, who have any substantial legal or beneficial

interest in the subject-matter of the litigation, and who are materially affected by the decree which may be pronounced. A want of proper parties may be taken advantage of at the hearing or on appeal or error. Spear v. Campbell et al. 4 Scam. 424; Hallett v. Hallett, 2 Paige, 15; Story's Eq. Pleading, Secs. 236, 541; Harrington v. Hubbard, 1 Scam. 569.

The decree finds the amount due on the note for $1,500, to be $1,737, and requires appellee to pay that amount to appellant, August F. Zelle, and that upon such payment being made, he surrender the note to be cancelled, etc. This was erroneous. The evidence of the sale of the note for $3,000, by Zelle Bros. to Rottman for $1,250, and that that amount was credited on the $1,500 note, is not controverted. Both these notes came lawfully into the possession of Zelle Bros. The assignee of the Broadway Savings Bank had a legal right to make the transfer for the consideration named, and Zelle Bros. were authorized to sell and transfer the note held as collateral security. At the time of the purchase of the note by Zelle Bros., Lohrer had become insolvent. It seems that the loan to him was induced to some extent by the recommendations of Zelle Bros., one of that firm being a director of the bank. But there was no legal liability on the part of the firm or any member thereof to pay the indebtedness. They in fact paid off the indebtedness of Lohrer, and received the notes and security. That security was a valid, subsisting lien, at and before the time the lien in favor of appellee was created, of which it had notice, or is presumed to have had notice. Whatever right appellee has in the premises, it holds subject to the lien held by Zelle Bros. and Rottmann, who are as we have seen, the legal and equitable holders of the deed of trust, given by Lohrer to the Broadway Savings Bank. The transaction having been between these parties, the decree should have been that appellee pay to appellant Rottman the sum of $1,250, with interest thereon from the day he purchased said note, and that it pay to Zelle Bros. the remainder due on the said note, with interest. As the note for $3,000, and the deed of trust to secure the same was held simply as collateral to secure the payment of the note for $1,500, it follows, that when the last named

note is paid, as above set forth, to Rottman and Zelle Bros., the note and deed of trust given as security should in equity be cancelled. We do not deem it necessary to discuss other errors assigned. For the reasons given, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.