JACOB HIRSHFELD, Suing on his Own Behalf and on Behalf of All Other Creditors of the MADISON SQUARE BANK, Respondent, *v.* LAWRENCE J. FITZGERALD et al., Appellants, Impleaded with JOHN BOPP et al., Respondents.

1. APPEAL — ORDER OF REVERSAL STATED TO BE UPON LAW AND FACTS. Upon appeal from an order of reversal of the Appellate Division stating that the reversal was upon the law and the facts, the Court of Appeals has power to determine whether a question of fact is involved in the case, and if there is none it has jurisdiction to review the law.

2. ASSIGNMENT OF CAUSE OF ACTION — CONTINUATION OF LITIGATION. Where the plaintiff has assigned his entire cause of action, section 756 of the Code of Civil Procedure furnishes no authority for the continuation of the action by the plaintiff, in case his assignee has settled the claim and demands that the action be discontinued.

3. STATE BANK — STOCKHOLDERS' LIABILITY — CREDITOR'S ACTION. While the enforcement of the individual liability of stockholders of a state bank for debts of the bank, imposed by the Banking Law as originally enacted (L. 1892, ch. 689, § 52) contemplates a representative action by a creditor on behalf of himself and such other creditors as may come in and share the expense, the plaintiff, in bringing such action, does not become a trustee for the other creditors so as to require him to carry on the litigation for their interests in opposition to his own, or after he has settled his claim.

4. CONTROL OF REPRESENTATIVE ACTION BY PLAINTIFF CREDITOR. The plaintiff in a representative action brought, before the amendment of 1897 (Ch. 441) to section 52 of the Banking Law of 1892, to enforce the statutory liability of stockholders of a bank, has the right to control the action and may continue, compromise, abandon or discontinue it at pleasure, until a creditor similarly situated has procured an order to be made a party to the action, or until interlocutory judgment is entered.

5. RECEIVERS OF INSOLVENT BANK NOT AUTHORIZED TO CONTINUE CREDITOR'S ACTION AGAINST STOCKHOLDERS. The fact that a representative action, brought by a creditor of a dissolved insolvent bank, under section 52 of the Banking Law prior to its amendment in 1897, was authorized by the receivers of the bank, who were properly made parties defendant, does not entitle them to prosecute the action and does not affect a dismissal of the complaint on the ground that there was no party before the court entitled to recover any judgment in the action as and for a debt due from the bank, where it appears upon the trial that the plaintiff had sold and assigned his claim before any other creditor had come in or served a notice of motion to be brought in as a party, and that the assignee of the plaintiff's claim had stipulated to discontinue the action and had executed a release to the defending stockholders.

*Hirshfeld* v. *Bopp*, 27 App. Div. 180, reversed.

(Argued October 12, 1898; decided November 22, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1898, reversing a judgment entered upon a decision of the court dismissing the plaintiff's complaint upon the merits on trial at Special Term, and ordering a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Putney, Henry B. Twombly* and *John Jeroloman* for Ronald T. McDonald et al., appellants. Upon the payment of the plaintiff's claim in full his interest in this cause of action ceased and determined, and by the assignment of the claim to Clirehugh, and by Clirehugh's discharge and release to certain of the defendants, including the defendants McDonald and Ottenberg, the cause of action itself was destroyed and the complaint was rightly dismissed. (*Burt* v. *B. N. L. Ins. Assn.*, 5 Jur. [N. S.] 612; *Innes* v. *Lansing*, 7 Paige, 583; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 194; *Tremain* v. *G. M. Ins. Co.*, 11 Hun, 286; Cook on Stock & Stockh. 748; *Cunningham* v. *Pell*, 6 Paige, 655; *Farnsworth* v. *Wood*, 91 N. Y. 308; *Beadleston* v. *Alley*, 28 N. Y. S. R. 89; *Bauer* v. *Platt*, 72 Hun, 332; *Mason* v. *N. Y. S. Mfg. Co.*, 27 Hun, 309; *Billings* v. *Trask*, 30 Hun, 315, 316; Morse on Bank. § 696.) There is no evidence in

this case that upon an accounting by the receivers of the Madison Square Bank there now is or will be any deficiency of assets, and it follows as a matter of course that the exact amount of such deficiency, if any, cannot be fixed and determined. As this action is based on an ascertained deficiency of assets which the defendant stockholder is called upon to make good, the complaint herein was properly dismissed. (Banking Law, L. 1892, ch. 689, § 52; *U. G. Co.* v. *Vary*, 152 N. Y. 121, 124; *Hirshfeld* v. *Bopp*, 145 N. Y. 91; *Marshall* v. *Sherman*, 148 N. Y. 9, 20; *Nat. Bank* v. *Dillingham*, 147 N. Y. 611.) The liability imposed by section 52, chapter 689, Laws of 1892, under which alone this action is brought (*Hirshfeld* v. *Bopp*, 145 N. Y. 91) did not affect the shareholders of the Madison Square Bank. (L. 1892, ch. 689, § 52; L. 1886, ch. 569; L. 1889, chs. 12, 177; L. 1890, ch. 490; L. 1892, ch. 714; *Matter of Lee's Bank*, 21 N. Y. 9; *Trustees of Dartmouth College* v. *Woodward*, 4 Wheat. 518.)

*Franklin Pierce* and *Charles A. Boston* for Lawrence J. Fitzgerald et al., appellants. The liability of the stockholders to the creditors of the Madison Square Bank is a liability which, from its origin and its nature, belongs solely and absolutely to the creditors of the bank. The receivers had no interest in this cause of action, could not possibly have, as receivers, any interest in the cause of action, and could not make a legal contract in their official capacity with Hirshfeld with reference to it. There is no foundation in precedent or reason for the holding that " Hirshfeld's agreement with the receivers bound him not to discontinue to the prejudice of the other creditors.' (*Hirshfeld* v. *Bopp*, 145 N. Y. 91; *Rudd* v. *Robinson*, 126 N. Y. 113; *Nielson* v. *Crawford*, 52 Cal. 248; *Hager* v. *Cleveland*, 36 Md. 476; *Haines* v. *Brown*, 36 N. H. 545; *Kincaid* v. *Dwinelle*, 59 N. Y. 551; *McMahon* v. *Macy*, 51 N. Y. 155; *Miller* v. *White*, 50 N. Y. 137; *Esmond* v. *Bullard*, 16 Hun, 65; *Strong* v. *Wheaton*, 38 Barb. 616; *Union Bank* v. *W. M. Co.*, 17 S. C. 339; *Chestnut* v. *Pennell*, 92 Ill. 55; *Whitman* v. *Cox*, 26 Me.

335.) The plaintiff Hirshfeld is the only party plaintiff in this action. He is as much the sole plaintiff before interlocutory judgment as though he were suing on a promissory note of which he was the exclusive owner, and he could at any time before such judgment or before the formal intervention of other parties, release the defendants, assign his cause of action, or do any other act to destroy it, which any sole plaintiff can do. (*Scarth* v. *Chadwick*, 14 Jur. 300; *Handford* v. *Storie*, 2 Sim. & St. 196; *Pemberton* v. *Topham*, 1 Beav. 316; *Innes* v. *Lansing*, 7 Paige, 583; *Cunningham* v. *Pell*, 6 Paige, 655; *O'Brien* v. *Browning*, 49 How. Pr. 109; *Mattison* v. *Demarest*, 1 Robt. 717; *Tremain* v. *G. M. L. Ins. Co.*, 11 Hun, 286; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 194; *Derby* v. *Yale*, 13 Hun, 273.) Until the creditors, other than Hirshfeld, procure an order from the court allowing them to come in and be made parties plaintiff in the action, they are not parties before the court. (Pomeroy on Rem. & Rem. Rights, § 392; *Salisbury* v. *B. P. Co.*, 85 Hun, 99; *Rogers* v. *N. Y. & T. L. Co.*, 1 N. Y. Supp. 908; *Thuran* v. *E. T. R. R. Co.*, 38 Fed. Rep. 673; *Greene* v. *Griswold*, 4 N. Y. Supp. 8; *Beadleston* v. *Allen*, 28 N. Y. Supp. 89; *Watson* v. *Cave*, 17 Ch. Div. 10.) The release on the part of Clirehugh to these appellants, and his written consent that the action be discontinued, justified the judgment of the Special Term. (*Burt* v. *Nat. B. L. Assn.*, 5 Jur. [N. S.] 612; 25 L. J. Ch. 731; *Doyle* v. *Muntz*, 5 Hare, 509; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 194; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443; *Hubbell* v. *Warren*, 8 Allen, 173; *Herries* v. *Platt*, 21 Hun, 132; *Bank of Poughkeepsie* v. *Ibbotson*, 5 Hill, 461; *Murray* v. *Jibson*, 22 Hun, 386; *Allen* v. *Georgia*, 166 U. S. 140; *Pulver* v. *Harris*, 52 N. Y. 73.) The Appellate Division erred in granting a new trial on the appeal of Hirshfeld and of the receivers. Neither of them was a party aggrieved by the decision at Special Term. The creditors, the real parties in interest, have submitted to the Special Term decision. (*Matter of Hodgman*, 140 N. Y. 421; *Brown* v. *Smart*, 145 U. S. 454; *Hackley* v. *Hope*, 4 Keyes,

126; *Keifer* v. *Winkins,* 3 Daly, 191; *Bryant* v. *Thompson,* 128 N. Y. 433; *Matter of Manning,* 139 N. Y. 448.)

*Joseph Fettretch* for Frederick A. Kursheedt et al., appellants. The plaintiff Hirshfeld, although he brought this suit in equity in his own behalf and in behalf of all other creditors of the Madison ·Square Bank, was the only party plaintiff to the action. He was in absolute control of the action, and could, at any time before interlocutory judgment, or before the intervention of other parties, assign the cause of action, receive payment in full of his claim and discontinue the action or release any defendant from liability, or do anything in the action which any sole plaintiff in any case could do. (Pomeroy on Rem. & Rem. Rights, § 392; *Scarth* v. *Chadwick,* 14 Jur. 300; *Handford* v. *Storie,* 2 Sim. & St. 196; *Pemberton* v. *Topham,* 1 Beav. 316; *Burt* v. *Nat. L. Assn.,* 5 Jur. [N. S.] 612; *Cunningham* v. *Pell,* 6 Paige, 655; *Innes* v. *Lansing,* 7 Paige, 583; *Bank of Poughkeepsie* v. *Ibbotson,* 5 Hill, 461; *Tremain* v. *G. M. L. Ins. Co.,* 11 Hun, 286; *Derby* v. *Yale,* 13 Hun, 273; *Herries* v. *Platt,* 21 Hun, 132; *Salisbury* v. *B. P. Co.,* 85 Hun, 99; *Mattison* v. *Demarest,* 1 Robt. 717; *O'Brien* v. *Browning,* 49 How. Pr. 109; 3 Cook on Stock & Stockh. & Corp. Law, § 748; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 N. Y. 443; *Brinckerhoff* v. *Bostwick,* 99 N. Y. 194.) Hirshfeld, the original plaintiff, a creditor of the Madison Square Bank, no matter what agreement is claimed to have been made by him with the gentlemen appointed receivers of the Madison Square Bank, was the only plaintiff so far as the defendants were concerned and was *dominus litis,* and before judgment could do what he pleased with the claim and the action as to all or any of the defendants. (*Wheeler* v. *Wheeler,* 9 Cow. 34; *Andrews* v. *Beecker,* 1 Johns. Cas. 411; *Welch* v. *Mandeville,* 1 Wheat. 233; *McCullum* v. *Cox,* 1 Dallas, 139, 140; *Allen* v. *Randolph,* 4 Johns. Ch. 693; *Tuttle* v. *Bebee,* 8 Johns. 152; *Bellinger* v. *Birge,* 54 Hun, 511; *Dade* v. *Herbert,* 1 Cranch, 85; *Pate* v. *Gray,* Hemp. Rep.

[U. S. Circuit] 155; *Morse* v. *Sheer*, 30 Cal. 467.) No case can be found sustaining the right of the receivers to act directly, or indirectly, by furnishing funds to carry on the litigation in behalf of the creditors of this corporation, to recover on a liability which the statute gives, not to the corporation, but only to each creditor individually, and to be asserted by each creditor or deemed to be waived. (*U. G. Co.* v. *Vary*, 152 N. Y. 121; *Mason* v. *N. Y. S. Mfg. Co.*, 27 Hun, 309; *Billings* v. *Trask*, 30 Hun, 315, 316; *Tucker* v. *Gilman*, 45 Hun, 195; *Masten* v. *Amerman*, 51 Hun, 246; *Bauer* v. *Platt*, 72 Hun, 332; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Farnsworth* v. *Wood*, 91 N. Y. 308; Thompson on Law of Corporations, § 3560; 2 Morawetz on Priv. Corp. § 894, p. 865; Cook on Stock & Stockh. & Corp. Law, § 218; Morse on Bank. § 696.) Not only have the receivers no title to these causes of action which spring directly to creditors of the corporation, but there is no duty whatever upon their part, more than upon the part of any stranger, to protect the claims of creditors. (*Kerr* v. *Blodgett*, 48 N. Y. 62; *Mickles* v. *Rochester City Bank*, 11 Paige, 118; 2 Morawetz on Priv. Corp. §§ 895, 896, 902, pp. 866, 867, 872; *Atty.-General* v. *G. M. L. Ins. Co.*, 77 N. Y. 272; *Libby* v. *Rosekrans*, 55 Barb. 203; *Ludington* v. *Thompson*, 153 N. Y. 499; *Filder* v. *L. & B. S. C. R. R. Co.*, 1 Hem. & M. 489; 3 Pomeroy on Rem. & Rem. Rights, § 390, p. 455; Cook on Stock & Stockh. §§ 220, 221, 223.) The creditor's right to go into equity is simply to save a multiplicity of suits, and by going into equity he does not thereby add anything to his cause of action. (*Homans* v. *Dounce*, N. Y. L. J. Sept. 24, 1895; *Hall* v. *A. T. & I. Co.*, 104 Ala. 577; *S. C.*, 53 Am. St. Rep. 87.) The equities are not in favor of the creditors in this action. The justice and right of the defense is very clear. This is not a cause where a court should be ingenious, to find an obligation existing against the appellants. Their obligations are only those of sureties, and even those obligations were created by statute after they had purchased their stock. (*Moss* v. *McCullough*, 5 Hill, 131, 136; *Nat.*

*Bank* v. *Dillingham*, 147 N. Y. 611; *Marshall* v. *Sherman*, 148 N. Y. 20; *Heck* v. *Burns*, 38 N. H. 145; *A. B. & C. Co.* v. *N. L. C. Co.*, 53 N. Y. 123, 126; *Kincaid* v. *Dwinelle*, 59 N. Y. 551; *Handy* v. *Draper*, 89 N. Y. 334; *Hirshfeld* v. *Bopp*, 145 N. Y. 84; *Conant* v. *Van Schaick*, 24 Barb. 87; *Hawthorne* v. *Calef*, 2 Wall. 10.) The receivers were trustees of stockholders as well as creditors, and every authority is against their right to sue one set of *cestuis que trust* for the benefit of another, and they, therefore, cannot prosecute, for the benefit of the creditors, one set of *cestuis que trust*, a cause of action given by statute, to creditors against stockholders, another set of *cestuis que trust*. (*Kerr* v. *Blodgett*, 48 N. Y. 62; *Sedgwick* v. *Stanton*, 14 N. Y. 289; *Filder* v. *L. & B. S. C. R. R. Co.*, 1 Hem. & M. 489; *Belmont* v. *Erie R. Co.*, 52 Barb. 662; *Eastmans* v. *Wright*, 6 Pick. 316; *Pierson* v. *Nesbitt*, 1 Dev. [N. C.] L. 315.)

*John A. Straley* for Daniel Brubacher et al., appellants.

*Albert Stickney* for certain non-appealing defendants.

*Samuel Untermyer* and *Louis Marshall* for respondents. The stockholders' liability created by section 52 of the Banking Law could only be enforced through the medium of a suit in equity brought in behalf of all the creditors entitled to the benefit of the section against all of its stockholders. It was necessarily a representative action. (3 Thompson on Corp. §§ 3434, 3483; 145 N. Y. 84; *Pollard* v. *Bailey*, 20 Wall. 520; *Hornor* v. *Henning*, 93 U. S. 228; *Terry* v. *Little*, 101 U. S. 216; *Stone* v. *Chisolm*, 113 U. S. 302; *Mathez* v. *Neidig*, 72 N. Y. 100; *Griffith* v. *Mangam*, 73 N. Y. 611; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Weeks* v. *Love*, 50 N. Y. 571; *Cochran* v. *A. O. Co.*, 20 Abb. N. C. 114; *Bauer* v. *Platt*, 72 Hun, 326.) A plaintiff thus suing for all creditors occupies the position of a *quasi* trustee, especially where he brings a suit for the purpose of distributing a trust fund, and

it is entirely unnecessary, for the protection of the rights of creditors, to bring in other parties as plaintiffs before judgment. (*Mann* v. *Pentz*, 3 N. Y. 422; *Adler* v. *M. P. B. Co.*, 13 Wis. 57, 60; *Sanger* v. *Upton*, 91 U. S. 56–60; *Sawyer* v. *Hoag*, 17 Wall. 610; *Scammon* v. *Kimball*, 92 U. S. 362, 367; *Flint* v. *Spurr*, 17 B. Mon. [Ky.] 499; *Blair* v. *S. C. A. Co.*, 20 Ind. 175; *Hallett* v. *Hallett*, 2 Paige, 19; Story's Eq. Pl. § 99; *Kerr* v. *Blodgett*, 48 N. Y. 66; *Prouty* v. *M. S. & N. I. R. R. Co.*, 1 Hun, 655.) The various creditors of the Madison Square Bank were parties to this action from its very commencement to such an extent that their rights are not barred by any Statute of Limitations, although, should this action now be deemed discontinued or abated, the right to maintain a new action would be barred by the provisions of section 55 of the Stock Corporation Law. (*In re General Rolling Stock Co., Joint Stock Discount Co.'s Claim*, L. R. [7 Ch.] 646; 1 Ch. Pr. [4th ed.] ch. 15, par. 2, p. 643; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 194.) The action having been brought for the benefit of all the creditors of the bank, for the enforcement of a statutory remedy, cannot be discontinued by the nominal plaintiff nor can an effectual release be given by him to the defendants after the Statute of Limitations has run against a new suit by other creditors, without the consent of the creditors, especially where the costs of litigation are defrayed with their funds. Such discontinuance or release would operate as a fraud upon the non-assenting creditors. (*B. N. Co.* v. *S. Co.*, 46 Fed. Rep. 336; *Atlas Bank* v. *Nahant Bank*, 23 Pick. 450; *People* v. *N. San Francisco Assn.*, 38 Cal. 364; *People* v. *Jacob*, 12 Pac. Rep. 222; *People* v. *Clarke*, 72 Cal. 564; *Welch* v. *Mandeville*, 1 Wheat. 233; *Mandeville* v. *Welch*, 5 Wheat. 277; *State* v. *Cavers*, 22 Iowa, 343; *Webb* v. *Steele*, 13 N. H. 230; *Anderson* v. *Miller*, 7 S. & M. [Miss.] 586; *Sumner* v. *Sleeth*, 87 Ill. 500; *Steeple* v. *Downing*, 60 Ind. 478.) The receivers having in their answer set forth all of the facts constituting a cause of action, and having served their answer on all of their co-defendants, at the time when the decision

now under review was rendered, this action was maintainable under the provisions of chapter 441 of the Laws of 1897. (*Brower* v. *Bowers*, 1 Abb. Ct. App. Dec. 214; *Matter of P. E. P. School*, 46 N. Y. 178; *People* v. *Clark*, 7 N. Y. 385; *Burch* v. *Newbury*, 10 N. Y. 374; *Matter of Treacy*, 59 Barb. 525; *People ex rel.* v. *Spicer*, 99 N. Y. 233.) Clirehugh having had full notice of the conditions attendant upon the institution of this suit at the time of the transfer to him, Hirshfeld having communicated them to Mr. Crosby; and Mr. Fettretch, who also represented the purchaser, having received notice from Mr. Untermyer which put him on his inquiry as to the right of other creditors, the defendants who claim under him are chargeable with notice of the circumstances under which this action was brought, and of the limitations upon the right of Hirshfeld to terminate this litigation. (*Seymour* v. *McKinstry*, 106 N. Y. 240; *Vosburgh* v. *Diefendorf*, 119 N. Y. 364; *Fairbanks* v. *Sargent*, 104 N. Y. 108; *S. C.*, 117 N. Y. 320; *Thwing* v. *Thwing*, 9 Abb. Pr. 323; Story's Eq. Pl. § 155.) The fact that Hirshfeld sold his claim to Clirehugh did not, in legal effect, abate the action. On the contrary, it was proper to continue it in the name of the original party. It did not operate to release or extinguish the claim; it amounted simply to a change of ownership. (Code Civ. Pro. § 756; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9.) In no event can the releases executed by Clirehugh operate as a defense to any of the parties to this litigation who were not expressly released and who have not been permitted to plead such releases by way of supplemental answer. (Code Civ. Pro. § 544; *Medbury* v. *Swan*, 46 N. Y. 200; *Holyoke* v. *Adams*, 59 N. Y. 233; *Hasbrouck* v. *Disbrow*, 24 N. Y. S. R. 428.)

Haight, J. This action was brought by the plaintiff, as a creditor of the Madison Square Bank, in behalf of himself and all other creditors of the bank similarly situated, who may choose to come in and share the benefits and expenses of the action, against the defendants as stockholders of the bank, to

enforce an alleged liability under section 52 of the Banking Law of 1892.

The Madison Square Bank was organized in 1882 as a banking association, and carried on its business in the city of New York until about the 8th day of August, 1893, when it suspended payment, and an action was brought by the attorney-general for its dissolution, which resulted in a final judgment entered on the 24th day of November, 1893, whereby the banking association was dissolved, and the defendants Miles M. O'Brien and James G. Cannon were appointed permanent receivers. It appears that this action was brought by the plaintiff at the solicitation of the receivers, who agreed with him to pay all the expenses of the action, including counsel fees. The complaint alleges that prior to the commencement of the action the plaintiff requested the receivers to institute an action against the other defendants for the enforcement of their liability as stockholders under the act, and that the receivers, alleging that no cause of action existed in their favor against the stockholders, refused to bring an action, and that they were consequently made defendants herein, but no personal judgment was demanded against them.

Before the trial of this action, certain of the defendants, stockholders of the bank, entered into negotiations with the plaintiff for the purchase of his claim, which resulted in his assigning the same to one Robert Clirehugh, who thereupon stipulated, as the owner of the claim, with the attorneys for the defendants, who were stockholders, that the action may be discontinued without costs, and that an order may be entered to that effect, and also stipulating for a substitution of attorneys in the place of the attorney who had brought the action in behalf of Hirshfeld. The court having refused to allow a substitution of attorneys or a discontinuance of the action, Clirehugh executed releases to the defendants, who had joined in and contributed to the purchase of the plaintiff's claim. Thereupon, upon leave of the court, supplemental answers were served by a number of the defendants setting up the sale and assignment by Hirshfeld to Clirehugh and the releases

made by him. Upon the trial, which followed, these facts appearing, together with the fact that no other creditor had come in and been made a party to the action, the court held and decided that the plaintiff Hirshfeld was not a creditor of the bank and was not entitled to recover a judgment for any sum of money against the stockholders as such creditor; that the action was not prosecuted by the real party in interest for any claim due from the bank, and that there was no party before the court entitled to recover any judgment in the action as and for a debt due from the bank. Judgment was ordered dismissing the complaint upon the merits. From the judgment entered upon this decision the plaintiff and the receivers appealed to the Appellate Division, which court reversed the judgment and ordered a new trial.

The first question which we are called upon to determine is as to whether we have jurisdiction to review the order of the Appellate Division. In the body of the order reversing the judgment entered upon the decision of the Special Term the Appellate Division certifies that the reversal was upon the law and upon the facts. If it is true that the reversal was upon the facts as well as the law, then this court has no jurisdiction to review the order, for, under the Constitution and the Code, our power is now limited to the review of questions of law, except where the judgment is of death. Upon the claim being made that there was no controverted question of fact in the case upon which a reversal upon the facts could be based, we allowed the argument of the case to stand over in order that the attention of the Appellate Division might be called to the matter and that court have an opportunity to amend the order if it so desired. That court, as we now understand, has refused to change its order, and we are, therefore, required to look into the case for the purpose of determining whether there are controverted facts or inferences to be drawn from conceded facts upon which a reversal upon the facts could be based. We have discovered none, and none which were material were called to our attention by counsel upon the argument.

In *Otten* v. *Manhattan R. Co.* (150 N. Y. 395, 401) VANN, J., in delivering the opinion of this court, says : " An appellate court cannot invest itself with jurisdiction to reverse a lawful judgment free from legal error by the mere assertion that it reverses upon the facts when the record shows that there are no questions of fact upon which to base a reversal. It cannot create a question of fact by declaring that there is one, nor, by assuming to reverse on the facts, reverse a determination that does not involve a question of fact. * * * Unless there was a material question of fact the reversal was an unlawful exercise of judicial power, and constituted an error that may be corrected by this court." This opinion was concurred in by all the judges of the court, with one exception, and we regard it as controlling on the question under consideration. We have no power to review the facts, but we have the power to determine whether a question of fact is involved in the case, and if there is none we have jurisdiction to review the law.

The Appellate Division appears to have been of the opinion that an action could be properly maintained in the name of Hirshfeld, the plaintiff, after he had sold and transferred his claim to Clirehugh, and after Clirehugh had executed releases to a number of the defendants and sought to discontinue the action. Section 756 of the Code of Civil Procedure provides that " In case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party ; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires." Under this provision of the Code, it has been repeatedly held that the action may be maintained in the name of the original plaintiff, notwithstanding that he has, subsequent to the bringing of the action, assigned his claim to another party. It has also been held that the bringing in of the party to whom the cause of action has been assigned is discretionary with the court, but, in continuing the action in the name of the original assignor, he is deemed to act for and on behalf of his assignee, and to represent his interest in the

23

litigation. In no case to which our attention has been called has the plaintiff been allowed to continue the action after he has assigned his cause of action in opposition to the wishes and interests of his assignee. If his assignee sees fit to settle or demand that the action be discontinued, the provisions of this section furnish no authority for the further continuation of the action or shield for the plaintiff, who, under such circumstances, should continue to prosecute it. The case of *McGean* v. *M. E. R. Co.* (133 N. Y. 9) is not in conflict with these views. In that case an action had been brought to restrain the operation and maintenance of the defendant's elevated railroad on the street in front of plaintiff's premises and to recover damages. After issue was joined, the plaintiff conveyed his premises to another party, but expressly reserved all damages caused, or to be caused, by the present, past or future maintenance and operation of the railroad, together with the fee and easements in the street. In that case it was held that the plaintiff had the right to continue the action to recover his fee and rental damages. Had he not retained the fee and rental damages, but had included them in the conveyance and the purchaser had then settled with the railroad company, a very different question would have been presented.

It is now contended that the action brought by the plaintiff was representative and on behalf of all the creditors of the bank, and that in bringing the action he became a *quasi* trustee for the other creditors, and that he could not settle or discontinue the action. This question is of great importance and should receive careful thought and study; for, if the appellants are correct in their contention, stockholders in an action of this character have only to buy out or settle with the plaintiff to defeat a recovery against them. The courts, however, are not responsible for the statute. Our duty is to construe and not to make it. We think it must be conceded that the remedy contemplated by the statute was a representative action prosecuted by a creditor on behalf of himself and all other creditors similarly situated, who should come into the action and share its expenses. By the provisions of the stat-

ute the stockholders of every banking corporation shall be individually responsible equally and ratably and not one for another, for all contracts, debts and engagements of such corporation, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares. (Laws 1892, chap. 689, sec. 52.) It was evidently not intended by the provisions of this statute that one creditor should be preferred and paid to the detriment of other creditors, but that the stockholders should be responsible equally and ratably for all of the debts of the corporation to the extent of their capital stock at par value. In other words, they were to contribute equally and ratably for the payment of the whole indebtedness. The object of this statute was undoubtedly to furnish additional security to creditors, and is for the benefit of them all, and should be enforced by or on behalf of all.

In the case of *Terry* v. *Little* (101 U. S. 216) Chief Justice WAITE, in considering a somewhat similar statute, says: "A suit at law by one creditor to recover for himself alone, is entirely inconsistent with any idea of distribution. As the liability of the stockholder is not to any individual creditor, but for contribution to a fund, out of which all creditors are to be paid alike, the appropriate remedy is by suit to enforce the contribution, and not by one creditor alone to appropriate to his own use that which belongs to others equally with himself."

In *Marshall* v. *Sherman* (148 N. Y. 21, 22) Judge O'BRIEN, in delivering the opinion of the court, says: "It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liability of stockholders. In such cases the liability must be enforced in equity in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and adjusted. * * * The liability of the stockholders is a fund to which all the creditors are entitled to resort after the corporate property has been applied upon the

debts." Other authorities to the same effect might be cited, but we do not regard it necessary, in view of the recent utterance alluded to in our own court.

Does the plaintiff, in bringing a representative action, become a trustee for the other creditors? We think not; at least to such an extent as to require him to carry on the litigation for their interests in opposition to his own, or after he has settled his claim. It is true that the capital stock of a corporation is a trust fund for the security of the creditors, and the amount recoverable from the stockholders under the statute in addition to the capital stock may be treated as a like security, but, as we have shown, the creditor is not permitted to bring an action in his own behalf alone for a contribution by the stockholders, for in that way he would obtain a preference for himself. He must bring the action for himself and on behalf, not of all the creditors, but on behalf of those who choose to come in and share the benefits and expenses of the litigation. His relation with the other creditors is one that the law creates. He assumes to prosecute on their behalf only in so far as his personal interests require. He makes no agreement with them, and they do not accept him as a trustee to represent them or bind them by his action. They have the right to come in at any time, and as soon as they do they may take part in the management of the action. True, it was not necessary for them to come in and be made parties prior to the entering of an interlocutory judgment. When such a judgment is entered it is effectual for all of the creditors, for the court then gives them an opportunity to come in, prove their claims and share in the recovery. If, however, they neglect to come in and be made parties at such time they will be barred and not permitted to share in the distribution of the fund. (*Hallett* v. *Hallett*, 2 Paige, 19; *Kerr* v. *Blodgett*, 48 N. Y. 66; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 194.)

In the latter case EARL, J., in speaking of the necessity of creditors becoming parties before interlocutory judgment, says: "There was no purpose in their becoming nominal

plaintiffs except that they might have some control of the action and thus be present to protect and secure their rights, and *to prevent a discontinuance of the action by the original plaintiff.*" In the same case, the judge further remarks : "It could not have been commenced by one stockholder for himself alone. It is true, that at any time before judgment, the original plaintiff, before the others were made parties, could have discontinued the suit or could have settled his individual damages with the defendants, and have executed a release which would have been effectual as to him. But if he had prosecuted the action to judgment, then the judgment would have been for the benefit of all the stockholders, and he would then have ceased to have control over it, because the rights of the other stockholders would at once have attached thereto. The bringing of the action by the original plaintiff did not prevent the other stockholders from bringing similar actions. But the moment a judgment should be recovered in one action for the benefit of all the stockholders, the proceedings in all the others would be stayed."

In the case of *Innes* v. *Lansing* (7 Paige, 583) it was held by the chancellor that "where a creditor files a bill in behalf of himself and all others, who shall come in and prove their debts under the decree and contribute to the expenses of the suit, he may discontinue his suit at any time before there has been a decree therein for the benefit of himself and the other creditors. And the defendant, at any time before such decree, has the right to have the bill dismissed, upon paying what is due to the complainant, with interest and costs." It was also further held that "The filing of a bill by one creditor, in behalf of himself and others, will not prevent another creditor from filing a similar bill, previous to a decree in the first suit. But as soon as a decree is obtained in either suit, for the benefit of all the creditors, the proceedings in all other suits may be stayed." This practice has been repeatedly followed in the courts of our state. (*Tremain* v. *Guardian Mut. Life Ins. Co.*, 11 Hun, 286 ; *Derby* v. *Yale*, 13 Hun, 273, and other cases in which it was distinctly held that where an action is

brought by a creditor in behalf of himself and others similarly situated who shall come in and contribute to the expenses of the action, no one but the plaintiff acquires a vested interest in the action or is bound thereby until a judgment has been entered, and that the plaintiff may discontinue the action at any time before judgment, without the consent of the other creditors.)    The same practice obtains in England.

In the case of *Scarth* v. *Chadwick* (14 Jurist, 300 ; *S. C.*, 19 Law Journal, N. S., 327) the vice chancellor says : " As I understand it, the plaintiff has filed a bill in such a manner as that he is *dominus litis*, and there is nothing upon the face of the bill, as far as I can make out, which shows that he might not, if he pleases, dismiss the bill immediately.    The bill contains a charge that the shareholders are so numerous that it would be impossible to make them all parties, and, in fact, that the plaintiff is ignorant of their names and addresses. The last reason, perhaps, makes it unnecessary to consider the first ; but, still, it is a suit over which he has complete dominion, and it is a suit in which, as I understand, he is not entitled to a decree of course, as in a creditor's suit, but it is a bill which, if a decree is made, may turn out for the benefit of others besides himself.    But upon the face of the bill the plaintiff is the only person with whom the defendants can deal, and then they make an application to stop it.    I do not see why the defendants are not at liberty to make a common application in this as in another suit."

In the case of *Hanford* v. *Storie* (2 Simons & Stuart, 196) the vice chancellor says : " It is said that Mr. Storie, having instituted this suit for the benefit of himself and all others, the debenture holders, was not at liberty upon general principles to dismiss his bill from motives of advantage to himself. I know of no such general principle.    A plaintiff who sues on behalf of himself and all other persons of the same class as he, acts upon his own mere motion and at his own expense, retains the absolute dominion of the suit until the decree, and may dismiss the bill at his pleasure.    After a decree he cannot, by his conduct, deprive other persons of the same class of the benefit

of the decree, if they think fit to prosecute it.   The reason of the distinction is that before decree no other person of the class is bound to rely upon the diligence of him who has first instituted his suit, but may file a bill of his own, and that after a decree no second suit is permitted."

In *Pemberton* v. *Topham* (1 Beavan, 316) it was held that in a creditor's suit instituted by the plaintiff on behalf of himself and all other creditors the defendant is entitled on motion at any time before decree to have the bill dismissed on payment of the demand of the plaintiff and his costs as between party and party.   There are numerous other cases of the same import holding substantially the same doctrine.   They have been collected in a note under section 748 of Cook on Stock and Stockholders and Corporation Law, who states the rule as follows: " It is a part of equity practice, when a person brings a suit in behalf of himself and such others as may wish to come in, who are similarly situated, that the complaining stockholder controls the case, and may continue, compromise, abandon or discontinue it at his pleasure."

The case of *Belmont Nail Co.* v. *C. I. & S. Co.* (46 Fed. Rep. 336) we do not regard as in conflict with our own or the English authorities.   In that case one of the creditors had filed a petition to be brought in and made a party before an attempt was made to dismiss the action.   He had a right to come in and have an order entered to that effect, and the order, when entered, would relate back to the time of the filing of his petition.   The court in that case merely held that the action could not be dismissed thereafter without his consent or an opportunity given him for a hearing.

The case of *Atlas Bank* v. *Nahant Bank* (23 Pickering, 480) does not appear to be in point, but it must be conceded that the clause appearing in the opinion to the effect that " the plaintiffs, having once instituted the proceeding as a statute remedy for themselves and others, they go on afterwards for the benefit of all parties concerned, and the original complainants have no power to discontinue," is in apparent conflict with the cases to which we have alluded.   We think,

however, that in this state there is no escape from the claim made by the appellants, that where an action is brought by a plaintiff on behalf of himself and others similarly situated, who come in and share in the expenses, he has the right to control the action and may continue, compromise, abandon or discontinue it at pleasure until a creditor similarly situated has procured an order to be made a party to the action, or has served a notice of motion to be brought in, or until interlocutory judgment is entered.

It is now contended that the receivers are parties to the action; that they represent the creditors, and that the action may properly be carried on by them, and that they had the right to appeal from the judgment rendered by the trial court. They were made parties defendant, and, we think, properly. In order to maintain the action, it was necessary for the plaintiff to show that he was a creditor of the corporation; that the corporation was insolvent, and that a contribution from the stockholders was necessary in order to discharge the liabilities of the bank. It thus is apparent that before final judgment could be entered an accounting on the part of the receivers was necessary, in order to ascertain and determine the amount to be collected from the stockholders. For this purpose they were properly made parties. We do not understand, however, that the action could have been prosecuted by them as receivers. The statute to which we have alluded is expressly limited by the provisions of the Stock Corporation Law (L. 1892, ch. 688). By referring to section 55 of that law we find the following limitations: "No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes

due," etc. It will thus be seen that the action must be brought by a creditor who has first recovered a judgment and has had an execution thereon returned unsatisfied. The remedy is purely statutory, and no right of action was, by this statute, given to the receivers. It is true that by an amendment of the statute in 1897 receivers may now maintain the action, but at the time this action was brought no such right existed. The action can only be maintained by a creditor, and that for the amount of. his claim duly established according to law. In this case we have held that the bringing of an action by the attorney-general to dissolve the association, and the procuring of an injunction restraining creditors from bringing actions, rendered compliance with this part of the statute impossible and, therefore, excusable. (*Hirshfeld* v. *Bopp*, 145 N. Y. 84.) But all of the other provisions of the statute apply and must be complied with. Under these provisions the action must be maintained by a creditor in behalf of himself and those similarly situated, and in the final judgment entered the amount owing by the corporation, over and above the assets in the hands of the receivers, must be ascertained and determined, to the end that each creditor who has come in and proved his claim may have a judgment for the balance his due. None of the money passes into the hands of the receivers, and their only part in the litigation is to account for the assets of the corporation that has come into their hands as receivers. We, therefore, fail.to see how they have any standing in court to prosecute the action, or to appeal from any judgment that may be entered in the action, unless it may be from such parts of the judgment as affect their interests upon their accounting. If we are correct in this view, their agreement with Hirshfeld to prosecute the action was unauthorized and was no part of their duty as receivers, and can have no force upon the questions pending before us.

In the case of *Farnsworth* v. *Wood* (91 N. Y. 308), RAPALLO, J., in speaking of the rights of creditors to maintain actions against the stockholders of a corporation under the statute, says: "The rights of certain creditors to prosecute

24

their claims against certain of the stockholders never were the property of the corporation, nor rights of action vested in it, nor is there any provision of the statute, which transfers these rights of action from the creditors to the receiver."

As we have seen, the plaintiff sold and assigned his claim before any of the creditors had come in or had served a notice of motion to be brought in as parties. At the time of the trial he was not a creditor. The person to whom he had sold his claim had stipulated a discontinuance of the action, and had executed a release to many of the defendants. The plaintiff's assignee, therefore, could not and did not wish to continue the action, and the defending stockholders, having settled with him, had the right to have the action discontinued. We must confess that we regret the result reached, but, under the numerous authorities in this state and England, to which we have alluded, we think we are compelled to conclude that the complaint was properly dismissed by the trial court.

The order of the Appellate Division should be reversed and the judgment entered upon the decision of the trial court affirmed, with costs in all courts.

All concur, except GRAY and VANN, JJ., dissenting.

Order reversed, etc.