It is suggested that, there being an agreement to give and a delivery of the bank book, it may be upheld as a gift. There being no intention of the plaintiff to make a gift, it cannot be regarded as such. In equity and good conscience, the bank book belongs to the plaintiff; and, without an authority precisely in point adverse to the plaintiff's right to recover, I am of the opinion that the plaintiff was entitled to the direction of a verdict awarding to her the possession of her property. The case is not embarrassed by any claim made in behalf of the defendant that an action by the plaintiff to recover possession of the bank book is not the proper remedy. Motion for a new trial upon the minutes denied."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

J. A. Adlington, for appellant.

Zachary P. Taylor, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of NASH, J., delivered at trial term.

---

(39 App. Div. 613.)

HIRSHFIELD v. BOPP et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

BANKS—INDIVIDUAL LIABILITY OF STOCKHOLDERS—ACTION TO ENFORCE.

Under Laws 1892, c. 689, § 52, making bank stockholders individually responsible, equally and ratably, and not one for another, for debts of the bank, for the par value of the stock, in addition to its cost, an action to enforce the liability must be by all the creditors against all the stockholders.

Appeal from special term, New York county.

Suit by Jacob Hirshfield, suing for himself and on behalf of the other creditors of the Madison Square Bank, against John Bopp and others. From an order denying a motion for leave to intervene and be made parties plaintiff, the Lager-Beer Brewers' Board of Trade of New York & Vicinity and others appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Louis Marshall, for appellants.

Albert Stickney, for respondents Bloomingdale and Stokes.

John A. Straley, for respondents Buttenweiser and Mayer.

Benno Loewy, for respondents Shayne and Wolfsohn.

J. Langdon Ward, for respondent Josephy.

W. C. Prime, for respondent Lounsberry.

Frederick W. Holls, for respondents John Bopp, Lena Bopp, Ehret, Hasslocker, and Tritsch.

Charles A. Boston, for respondents Plant, Baldwin, and others.

Samuel S. Thomas, for respondent Pulsifer.

McLAUGHLIN, J. The plaintiff, as a creditor of the Madison Square Bank, brought this action, in behalf of himself and all other creditors similarly situated who might come in and contribute to the expenses of the litigation, against all the stockholders of the bank, to enforce an alleged liability under section 52 of chapter 689 of the

Laws of 1892. Before the trial he assigned his claim to one Clairhugh, who delivered releases to some of the stockholders. These facts having been made to appear upon the trial, the complaint was dismissed on the ground that the plaintiff was not then a creditor of the bank, and therefore could not maintain the action. Judgment was entered to that effect, which, on appeal to this court, was reversed (50 N. Y. Supp. 676), and a new trial ordered. Seventeen of the defendants thereupon gave the usual stipulation for judgment absolute, and appealed to the court of appeals; and that court reversed the order of this court granting a new trial, and affirmed the judgment of the trial term dismissing the complaint. 51 N. E. 997. After the decision of the court of appeals had been made the judgment of the supreme court, application was made by the petitioners for leave to intervene and be made parties plaintiff, and to serve an amended summons and complaint. The application was denied, and from that order this appeal is taken.

When the decision of the court of appeals reversing the order of this court granting a new trial, and affirming the judgment of the trial term dismissing the complaint, was made the judgment of the supreme court, the 17 defendants who had appealed to the court of appeals ceased to be parties to the action. They were no longer connected with it, and the condition of the action then was the same as though they had never been made parties. The question presented, therefore, is, can this action, under the facts here presented, be maintained against the remaining stockholders, after 17 of them had finally been discharged from liability? We do not think it can. The statute (Laws 1892, c. 689, § 52) provides that the stockholders shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of the corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The manifest purpose of the statute is to provide a fund, by contribution from all the stockholders, out of which all the creditors of the corporation are to be paid. To create this fund, an equitable action must be brought by or in behalf of all the creditors against all the stockholders. In no other way can the claims of all the creditors be satisfied by an equal and ratable contribution of the stockholders. The action cannot be maintained against one stockholder, or against any number of stockholders less than all, if all can be made parties. Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419. In the case cited, which was decided after the enactment of the statute now under consideration, a creditor of a Kansas bank brought an action in this state against a stockholder of the corporation to enforce a liability under the laws of that state, and the court held that the action could not be maintained; that, if a recovery could be had under any circumstances, it could only be in such form and by such modes of procedure as like liabilities created under our own statute are enforced against our own citizens. In delivering the opinion of the court, Judge O'Brien said:

"There is no reason why the plaintiff here should be permitted to enforce his debt in this jurisdiction against a citizen of this state in a form of action

different from that which the creditors of a domestic corporation may prosecute against a domestic stockholder. It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specified sum of money cannot be maintained in our courts under the statutes declaring the liability of stockholders. In such cases the liability must be enforced in equity, in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of liability and all the equities can be ascertained and adjusted. * * * The liability of the stockholders is a fund to which all the creditors are entitled to resort after the corporate property has been applied upon the debt."

And the court of appeals, when the present case was last before it, approved the principle announced in the Marshall Case, supra, and the rule there laid down governing the liability of stockholders. Judge Haight, in delivering the opinion of the court, said that:

"It was evidently not intended by the provisions of this statute that one creditor should be preferred and paid, to the detriment of other creditors, but that the stockholders should be responsible, equally and ratably, for all the debts of the corporation, to the extent of their capital stock, at par value. In other words, they were to contribute equally and ratably for the payment of the whole indebtedness."

When the motion of the petitioners was made which resulted in the order appealed from, 17 of the stockholders of the Madison Square Bank, as we have already seen, were not, and could not be made, parties to this action. The complaint had been dismissed as to them, but their liability to contribute had not been extinguished. Had the motion, therefore, been granted, it would not have benefited the petitioners, because they could not have maintained the action against the other defendants.

It follows that the order was right, and must be affirmed, with $10 costs and disbursements. All concur.