### PEOPLE v. GERMAN BANK.

### In re WHEELER.

(Supreme Court, Equity Term, Erie County. March, 1912.)

1. BANKS AND BANKING (§ 80*)—INSOLVENCY—UNPROVEN CLAIMS—RIGHT TO DIVIDENDS—FORFEITURE.

Where a creditor of a bank in process of liquidation after due notice fails to assert his rights as a creditor, he waives his claim, and forfeits his right to general distribution under General Corporation Law (Consol. Laws 1909, c. 23) § 261, providing that receivers shall distribute the residue of moneys in their hands among all who have exhibited their claims as creditors, and whose debts shall have been ascertained.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 184–196; Dec. Dig. § 80.*]

2. BANKS AND BANKING (§ 80*)—INSOLVENCY—DISTRIBUTION—UNCLAIMED DIVIDENDS.

General Corporation Law (Consol. Laws 1909, c. 23) § 263, provides that, if the whole of the property of a corporation in liquidation be not distributed on the first dividend, the receivers within a year thereafter shall make a second dividend of all moneys in their hands among the creditors entitled thereto, which dividend shall be a final dividend, and notice shall be printed once each week in a newspaper printed in the county where the corporation's principal place of business is located. Section 266 declares that, if any dividend which shall have been declared remains unclaimed for a year, the receiver shall consider it relinquished, and shall distribute it on any subsequent dividend among the other creditors. *Held*, that such sections should be construed together, though inconsistent, and that, where the receiver of a bank failed to give notice of the declaration of prior dividends as required by section 263, failure of the creditors entitled thereto to claim them did not constitute a relinquishment or forfeiture thereof, so that dividends payable to creditors who had proved their claims, but had not claimed the dividends, should be paid into court for the benefit of such creditors and notice given by mail and by publication of their right thereto.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 184–196; Dec. Dig. § 80.*]

Action by the People against the German Bank. In the matter of the final accounting of Albert J. Wheeler, as receiver. Application for directions as to the disposition of dividends.

See, also, 126 App. Div. 231, 110 N. Y. Supp. 291.

Charles Diebold, Jr., for receiver.
Henry W. Killeen, for Attorney General.
A. W. Crosby, for certain creditors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. The German Bank was a moneyed corporation, and was dissolved by the judgment of the court in this action brought pursuant to section 18 of the Banking Law (Consol. Laws, c. 2).

The questions now presented for the consideration of the court arise upon the final accounting of the receiver, and involve the disposition of certain funds in the receiver's hands. By his report it seems that several dividends have been previously declared; that on the books of the bank certain persons appear as depositors in the bank with balances to their credit, but that such depositors have never exhibited or proven their claims as creditors, or claimed the right to participate in the distribution of the assets of the insolvent institution. It further appears that certain other depositors have heretofore proven their claims, which have been allowed by the receiver, and certificates to that effect have been issued to them, but that for more than a year these depositors have omitted and neglected to claim the dividends declared on their claims, and to which they are entitled. As dividends have been declared and directed paid from time to time, the receiver has set aside for the benefit of unproven claims the amount of the dividend which would be payable on such unproven claims had they been properly presented and allowed. There also remains in his hands the amount of the declared dividends on certain proven claims which have not been called for or paid. The questions presented are what directions the final order of the court shall contain as to these two funds.

[1] As to unproven claims the answer is plain. I am of the opinion that the provisions of article 11 of the General Corporation Law (Consol. Laws 1909, c. 23) defining the "powers, duties and liabilities of receivers of corporations," govern and apply to receivers of moneyed corporations, except in so far as the provisions of article 11 are modified by the specific provisions of article 8 of the same law, relating to receivers of moneyed corporations.

Section 261 of the General Corporation Law provides that receivers shall distribute the "residue of moneys in their hands, among all those who shall have exhibited their claims as creditors, and whose debts shall have been ascertained." If the creditor, after due notice, fails to assert his rights as a creditor, he waives his claim, and forfeits his right to share in the distribution. People v. Security Life Ins. Co., 78 N. Y. 114, 34 Am. Rep. 522; Kerr v. Blodgett, 48 N. Y. 62; Hirshfield v. Fitzgerald, 157 N. Y. 166–180, 51 N. E. 997, 46 L. R. A. 839. The funds in the receiver's hands set aside for dividends on unproven claims will, therefore, be distributed among the creditors who have presented and established their claims.

[2] As to the dividends set aside for creditors who have proven their claims, but failed to claim their dividends for more than one year, the question as to their disposition is not so free from doubt. It has been contended by certain creditors that these unclaimed dividends must be distributed among other creditors of the bank, as provided by section 266 of the General Corporation Law, which reads as follows:

"If any dividend that shall have been declared, shall remain unclaimed by the person entitled thereto for one 'year after the same was declared, the receiver shall consider it as relinquished, and shall distribute it, on any subsequent dividend, among the other creditors."

Assuming that section 266 applies to all unclaimed dividends, the provisions of this section must be read in connection with section 263 of the same act, which provides:

"If the whole of the property of such corporation be not distributed on the first dividend, the receivers shall, within one year thereafter, make a second dividend of all the moneys in their hands, among the creditors entitled thereto, of which, and that the same will be a final dividend, three weeks notice shall be inserted once in each week in a newspaper printed in the county where the principal place of business of such corporation was situated. * * *"

While this section speaks of the second dividend as a final dividend, nevertheless the provision for notice of the declaration of dividends must be deemed to apply to all dividends declared. This article of the General Corporation Law undertakes to provide a scheme for the administration of the affairs of insolvent corporations, the realization on the assets, and for the distribution of such assets among creditors.

Section 263 provides for notice to creditors of the declaration of dividends, in order that creditors may claim and be paid the same. It is not to be presumed the Legislature intended a creditor should be deprived of any dividend until he has been notified in the manner prescribed by section 263 that a dividend has been declared and is payable. To deprive a creditor of his just share of the distributive assets of a defunct corporation by virtue of the provisions of section 266 is tantamount to declaring a forfeiture of his rights. Forfeitures are not favored by law, and will not be enforced, unless all requirements for exercising forfeiture have been observed. It now appears that the receiver in this case gave no notice of the declaration of prior dividends, as prescribed by section 263. We must, therefore, hold that without such notice the unclaimed dividends cannot be deemed to have been legally relinquished or forfeited for the benefit of other creditors. Such being the case, it is clearly the duty of the receiver to pay all unclaimed dividends into court, as required by the provisions of section 272 of the act, which reads:

"Such receivers shall also account from time to time in the same manner, and with the like effect, for all moneys which shall come to their hands after the rendering of such account, and for all moneys which shall have been retained by them for any of the purposes hereinbefore specified, and shall pay into court all unclaimed dividends."

Section 272 certainly applies to the situation now presented for the disposition of the court.

It is difficult to harmonize section 272 with the provisions of section 266. We have been unable to reconcile the conflicting provisions of these two statutes, or to explain their apparent inconsistencies. Had those charged with the consolidation of our present statutes undertaken to revise as well as consolidate, we feel confident these two sections would never have been incorporated in the same statute

without modification. Irrespective of the consideration of the failure of the receiver to follow the directions of section 263, which in any event obviates a forfeiture of unclaimed dividends in this case the presence of section 272 enables the court to follow the provisions of that section, directing a payment into court, rather than a forfeiture under section 266. Such a disposition is in accord with the natural justice of the case, and saves forfeitures of property rights.

The order in this case should, therefore, provide, among other things, that the fund set aside for unproven claims be distributed to such creditors of the insolvent bank as have exhibited and established their claims; that the fund in the receiver's hands set aside for dividends on proven claims which have not been called for or claimed by those entitled thereto shall be paid into court by depositing the same with the county treasurer to the credit of the persons entitled to the same; that before making such payment and deposit said receiver publish a notice daily in two newspapers published in the city of Buffalo for three weeks, calling attention to the fact that a final dividend in this receivership has been declared and is payable, and that unless all creditors who have proven their claims, and are entitled to receive the same, shall claim and receive the same on or before the 15th day of June, 1912, then and in that event, the amount coming to such creditors will be paid into court as herein provided. The said receiver, in addition to such published notice, shall also mail to each creditor of said bank a postal addressed to the creditor at his last known post office address, containing the same notice.

So ordered.